ORIGINAL COPY #1,

# 1600·14 1601·14 1602·14

ORIGINAL

In The
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 17 2015

Abel Acosta, Clerk

WILLIE EUGENE HARDEMAN
vs          PETITIONER,
THE STATE OF TEXAS

FROM APPEAL NO.'S 09-13-00467-CR,
09-13-00468-CR,
09-13-00469-CR

FILED IN
COURT OF CRIMINAL APPEALS

FEB 20 2015

Abel Acosta, Clerk

TRIAL CAUSE NO!'S 10-10378,
10-10380,
10-10382,
JEFFERSON COUNTY, TEXAS

PETITION FOR DISCRETIONARY REVIEW,

BRIEF FOR PETITIONER,

PETITIONER - PRO SE

ORAL ARGUMENT REQUESTED
IN WRITING,

WILLIE EUGENE HARDEMAN
TDCJ-ID NUMBER # 1891985
JESTER III UNIT
3 JESTER ROAD
RICHMOND, TEXAS 77406

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS,

STATEMENT REGARDING ORAL ARGUMENT IN WRITING AS REQUIRED BY RULE 39.1 A RIGHT TO ORAL ARGUMENT.

THE NINTH COURT OF APPEALS ALSO ERRED WHEN THE COURT HELD THAT THEY DID NOT NEED TO ADDRESS THE MERITS OF ISSUES RAISED IN WILLIE EVGENE HARDEMAN VS THE STATE OF TEXAS PRO SE BRIEF JUST BECAUSE THE COURT OF CRIMINAL APPEALS STATED THAT IN BLEDSOE VS STATE, 178 S.W.3D.824, 826-27 (TEX. CRIM. APP. 2005). EVEN DOTH THIS IS A CASE WHERE SOME CONSTITUTIONALLY PROTECTED RIGHT'S HAS BEEN VIOLATED, RESULTING IN A FUNDAMENTALLY UNFAIR PLEA BARGAIN. THE PETITIONER, WILLIE EUGENE HARDEMAN, CHALLENGE THE NINTH COURT OF APPEALS DECISION IN HIS CASE BY FILING A PETITION FOR DISCRETIONARY REVIEW. SEE, TEX. R. APP. RULE # 68. RATHER, THE COURT OF CRIMINAL APPEALS MAY DETERMINE THAT ARGUABLE GROUNS FOR APPEAL EXIST AND REMAND THE CAUSE TO THE TRIAL COURT SO THAT NEW COUNSEL MAY BE APPOINTED TO BRIEF THE ISSUES. SEE, WILLIE EUGENE HARDEMAN VS STATE, PRO SE RESPONSE BRIEF, (TEX. 9 DIST. 2014) THEREFORE IT IS NECESSARY TO ORDER APPOINTMENT OF NEW COUNSEL TO RE-BRIEF THE APPEALS BECAUSE THERE ARE ARGUABLE POINT'S OF ERROR'S IN THIS CASE WHICH IS REVERSIBLE ERROR'S, DUE PROCESS CLAUSE, 14TH AMENDMENT, INEFFECTIVE ASSISTANCE OF COUNSEL, 6TH AMENDMENT, MENTAL INCOMPETENT, CRUEL AND UNUSUAL PUNISHMENT, 8TH AMENDMENT, A SWORNING AFFIDAVIT, (EVIDENCE), TEXAS HABITUAL CRIMINAL ACT, (VERNON'S ANN. P.C. ACT. 63), TEXAS PENAL CODE ART. 12.42, FIRST DEGREE FOLANY PUNISHMENT.

PETITIONER — PRO SE
ORAL ARGUMENT REQUESTED IN WRITING,

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS,

STATEMENT REGARDING ORAL ARGUMENT AS REQUIRED BY RULE 39.7 AND RULE 39.1 A RIGHT TO ORAL ARGUMENT,

THE PETITIONER, WILLIE EUGENE HARDEMAN, IS BEING UNLAWFULLY RESTRAINED OF HIS LIBERTY AND LIFE FROM A UNJUST CONVICTION, JUDGMENT AND SENTENCE IN AND FOR THE 2-52 DISTRICT COURT OF JEFFERSON COUNTY, TEXAS PRESIDING JUDGE, UNJUST LAYNE WALKER BECAUSE THE PETITIONER WAS A VICTIM UNDER THE CIRCUMSTANCE BECAUSE THERE ARE SEVEN ARGUABLE GROUNDS OF ERROR'S SUCH AS MENTAL INCOMPETENT, INEFFECTIVE ASSISTANCE OF COUNSEL, 6TH AMENDMENT) DUE PROCESS CLAUSE, 14TH AMENDMENT) TEXAS HABITUAL CRIMINAL ACT, P.C. ART. 63) TEXAS PENAL CODE ART. 12.42, A SWORNING AFFIDAVIT, AND CRUEL AND UNUSUAL PUNISHMENT, 8TH AMENDMENT. THE PETITIONER CAN OBTAIN RELIEF FROM THE CONVICTION IN THE UNJUST TRIAL COURT BECAUSE JUDGE LAYNE WALKER, DISTRICT ATTORNEY PERRY THOMAS, AND ATTORNEY THOMAS J. BURBANK ALL CONSPIRE AGAINST THE PETITIONER FROM THE BEGINNING OF THE CASE'S BECAUSE ATTORNEY THOMAS J. BURBANK COERCE THE PETITIONER TO SIGN FOR A TEN YEAR PROBATION THAT HE WASN'T ELIGIBLE FOR BY LAW UNDER THE TEXAS HABITUAL CRIMINAL ACT, P.C. ART. 63) AND THE PETITIONER ATTORNEY THOMAS J. BURBANK KNEW THAT HIS CLIENT WAS MENTALLY INCOMPETENT TO ACCEPT A PLEA BARGAIN JUST AS WELL AS JUDGE LAYNE WALKER, AND DISTRICT ATTORNEY PERRY THOMAS PLUS, THE PETITIONER HAD A SWORNING AFFIDAVIT IN COURT STATING THAT HE HAD NOTHING TO DO WITH THE CAUSE NO'S IN THIS CASE SIGN BY DAMON AROS BECAUSE HE SAID THAT HE COMITTED THE CRIME'S BY HIMSELF, AND ALSO THE PETITIONER STATED IN THE MOTION TO REVOKE PROBATION PLED OF TRUE AND SENTENCING THAT HE WANTED A JURY TRIAL TO PROVE HIS ACTUAL INNOCENT AFTER THE UNJUST JUDGE LAYNE WALKER ASKED THE PETITIONER DID HE WANT A JURY TRIAL. HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS THIS IS A CASE WHERE SOME CONSTITUTIONALLY PROTECTED RIGHT'S HAS BEEN VIOLATED, RESULTING IN A FUNDAMENTALLY UNFAIR PLEA BARGAIN IN THE 252ND DISTRICT COURT OF JEFFERSON COUNTY, TEXAS PRESIDING JUDGE. UNJUST LAYNE WALKER. HONORABLE JUDGES, THE NINTH COURT OF

APPEALS ERRED IN HOLDING THAT THE EVIDENCE WAS SUFFICIENT BECAUSE THE COURT GAVE IT'S OPINION ONLY ON THE PETITIONER, WILLIE EUGENE HARDEMAN, MOTION TO REVOKE PROBATION HEARING AND SENTENCING, NOT THE ENTIRE CASE.

RESPECTFULLY SUBMITTED,

WILLIE EUGENE HARDEMAN
                    PETITIONER - PRO SE
TDCJ-ID NUMBER # 1891985
JESTER III UNIT
3 JESTER ROAD
RICHMOND, TEXAS 77406.

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

WILLIE EUGENE HARDEMAN

VS

THE STATE OF TEXAS

FROM APPEAL NO.'S 09-13-00467-CR
09-13-00468-CR
09-13-00469-CR
TRIAL CAUSE NO.'S 10-10378
10-10380
10-10382
JEFFERSON COUNTY, TEXAS

THE PETITIONER, WILLIE EUGENE HARDEMAN, MENTAL INCOMPETENT,

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS,

THE FOLLOWING PERSONS HAVE AN INTEREST IN THIS CASE TO THE EXTENT OF THEIR RESPECTIVE DESIGNATIONS, AND THIS OR THESE FACTS OF THE CASE IS MADE IN ORDER THAT THE JUDGES OF THE COURT OF CRIMINAL APPEALS MAY EVALUATE THE CONFLICTS OF INTERESTS.

WILLIE EUGENE HARDEMAN,
PETITIONER - PRO SE

THOMAS J. BURBANK, BEAUMONT, TEXAS 77701,

● FIRST ATTORNEY FOR THE PETITIONER.

PERRY THOMAS, ASSISTANT DISTRICT ATTORNEY, 1001 PEARL, 3RD FLOOR, BEAUMONT, TEXAS 77701.
COUNSEL FOR THE STATE (GUILT / INNOCENCE AND SENTENCING)

SHEIGH SUMMERLIN, 3800 PARK LANE, PORT ARTHUR, TEXAS 77642.
ATTORNEY FOR THE PETITIONER BEFORE APPEAL (GUILT / INNOCENCE AND SENTENCING)

MS. JEANI LEBLANC A COMMUNITY SUPERVISION OFFICER FOR JEFFERSON COUNTY, TEXAS

● UNJUST JUDGE LAYNE WALKER, 252ND DISTRICT COURT, JEFFERSON COUNTY, TEXAS TRIAL COURT JUDGE.

## FACTS OF THE CASE,

ON FEBRUARY 13, 2012 THE PETITIONER PLED GUILTY TO SAID OFFENSES IN THE INDICTMENT BECAUSE HIS APPOINTED COUNSEL INTENTIONALLY AND KNOWINGLY TO BE VERY INEFFECTIVE BY MAKING A PLED BARGAIN FOR THE PETITIONER FOR A #10 YEAR UNADJUDICATION PROBATION KNOWING THAT HIS CLIENT WAS MENTALLY INCOMPETENT TO ACCEPT A PLEA BARGAIN AND THE COURT DEFERRED ALL FURTHER PROCEEDINGS IN ACCORDANCE WITH ARTICLE 42.12 C.C.P. SECTION 3D WITHOUT ENTERING AN ADJUDICATION OF GUILT.

● THE PETITIONER, WILLIE EUGENE HARDEMAN, WITH ALL DUE RESPECT TO YOU AND YOUR HONORABLE POSITION AS THE JUDGES OF THE COURT OF CRIMINAL APPEALS, I SWEAR TO WRITE NOTHING BUT THE TRUTH SO HELP ME GOD.

THE PETITIONER WAS INCOMPETENT TO STAND A MOTION TO REVOKE PROBATION HEARING AND SENTENCING BUT, HIS APPOINTED COUNSEL MS. SUMMERLIN WAS VERY INEFFECTIVE AS THE PETITIONER COUNSEL, AND THE REPORTER'S RECORD MOTION TO REVOKE PROBATION HEARING + SENTENCING WILL SHOW THE HONORABLE COURT THAT HER PERFORMANCE WAS DEFICIENT AND THE DEFICIENCY PREJUDICED THE PETITIONER, WILLIE EUGENE HARDEMAN. SEE EXHIBIT'S, MH AND MOTION TO REVOKE PROBATION HEARING + SENTENCING, REPORTER'S RECORD, PG'S. 6, 11-17, 21-22, 25-30, 33, ) PLUS THE PETITIONER, WILLIE EUGENE HARDEMAN, REQUESTED FOR HIS APPOINTED COUNSEL MS. SUMMERLIN TO RETREAT HIS MEDICAL AND MENTAL RECORDS FROM THE V.A. BUT TO KNOW PREVAIL. SEE, MENEFEE VS STATE (APP. 9 DIST. 2005) 175 S.W. 3D. 500, DEFICIENT PERFORMANCE. THIS HONORABLE COURT HAS JURISDICTION UNDER ARTICLE 39 OF THE TEXAS CODE OF CRIMINAL PROCEDURE, ART. 1, SECTION 10 OF THE TEXAS CONSTITUTION, AND THE SIXTH (6TH) AND THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND THE AMERICAN WITH DISABILITY ACT. SECTION 503 OF THE ACT OF 1924, REVISE 1990 ADA. THE PETITIONER, WILLIE EUGENE HARDEMAN, MENTAL STATE OF BEING AT THE TIME OF HIS MOTION TO REVOKE PROBATION HEARING AND SENTENCING ON OCTOBER 14, 2013 WAS INCOMPETENT TO STAND THAT HEARING, AND THE PETITIONER DON'T REMEMBER ANY OF THE MOTION TO REVOKE PROBATION HEARING AND SENTENCING DUE TO HIS MENTAL STATE. SEE, MOTION TO REVOKE PROBATION HEARING AND SENTENCING, REPORTER'S RECORD, PGS. 6, 11-17, 21-22, 25-30, 33, ) AND EXHIBIT'S MH. THE PETITIONER, WILLIE EUGENE HARDEMAN, ILLNESS CONSIST OF BIPOLAR DISORDER, MAJOR DEPRESSION, SCHIZOL DEFFECTIVE, AND METAL DISORDERS. THE PETITIONER, WILLIE EUGENE HARDEMAN, ALSO INFORM HIS APPOINTED COUNSEL MS. SUMMERLIN THAT HE HAD BEEN HOSPITALIZE AT THE V.A. HOSPITAL FOR ONE WEEK AND A HALF UNDER SUICIDE WATCH, AND HIS V.A. MENTAL RECORS COULD PROVE THAT BUT, HIS APPOINTED COUNSEL MS. SUMMERLIN DIDN'T ACT ON HIS FORM OR ON HIS INFORMATION, AND MS. JEANI LEBLANC A COMMUNITY SUPERVISOR OFFICER FOR JEFFERSON COUNTY, TEXAS PROBATION OFFICE ALSO NEW THAT THE PETITIONER, WILLIE EUGENE HARDEMAN, WAS IN THE V.A. HOSPITAL

FOR DRUG TREATMENT AND UNDER A SUICIDE WATCH FOR TWO MONTHS. THE PETITIONER, WILLIE EUGENE HARDEMAN, WAS HARMED WHEN THE PROSECUTOR, THE APPOINTED COUNSEL MR. THOMAS J. BURBANK, AND THE UNJUST 252ND DISTRICT COURT, JEFFERSON COUNTY, TEXAS LAYNE WALKER, JUDGE PRESIDING FAILED TO CONDUCT A COMPETENCY HEARING. SEE, CARTER VS JOHNSON, 131 F.3D 452, 459, N. 10 (5TH CIR. 1997) CITING PATE VS ROBINSON, 383 U.S. 375, 86 S. CT. 836, 15 L.ED. 2D. 815,). THE 252ND DISTRICT COURT, JEFFERSON COUNTY, TEXAS UNJUST LAYNE WALKER, JUDGE PRESIDING DID NOT ACT WITHIN THE DUE PROCESS BOUNDARIES IN THE PETITIONER COMPETENCY BECAUSE THE UNJUST COURT WAS BEING BIAS TO HOLD A INCOMPETENCY HEARING. SEE, JOHNSON VS SAWYER, 120 F.3D. 1307, 1333, (5TH CIR. 1997) APPOINTED COUNSEL, IN THE COURSE OF PERFORMING HIS OFFICIAL DUTY AS THE PETITIONER COURT APPOINTED ATTORNEY DID NOT EXCERCISE THE USE OF HIS SKILLS DILENTLY AS THE PETITIONER'S ATTORNEY. ATTORNEY BURBANK, THE JEFFERSON COUNTY, TEXAS PROSECUTOR, AND THE UNJUST 252ND DISTRICT COURT, JEFFERSON COUNTY, TEXAS LAYNE WALKER, JUDGE PRESIDING GROSS NEGLIGENCE ON FEBRUARY 13, 2012 WHEN THEY KNEW THAT THE PETITIONER WAS INCOMPETENT TO STAND TRIAL OR TAKE A PLED BARGAIN, APPOINTED ATTORNEY, THE PROSECUTOR, AND UNJUST LAYNE WALKER, JUDGE PRESIDING ARE NOT A KNOWN EXPERT PSYCHIATRIST NOR A KNOWN EXPERT PSYCHOLOGIST AND THEY DO NOT POSSES THE EXPERTISE TO SAY IF THE PETITIONER WAS COMPETENT OR NOT BEING THAT THE UNJUST 252ND DISTRICT COURT, THE PROSECUTOR, NOR THE PETITIONER APPOINTED ATTORNEY HAD THE PETITIONER, WILLIE EUGENE HARDEMAN, EVALUATED BY A LICENSED PSYCHIATRIST AT THE JEFFERSON COUNTY, TEXAS JAIL BEFORE THE PETITIONER PLED GUILTY TO SAID OFFENSE'S IN THE INDICTMENT, WHICH WAS REQUIRED BY LAW.

WILLIE EUGENE HARDEMAN,

TDCJ-ID # 1891985

JESTER III UNIT

3 JESTER ROAD

RICHMOND, TEXAS 77406

# SUBJECT INDEX

| | PAGE |
|---|---|
| IDENTITY OF PARTIES AND COUNSEL | 3 |
| AUTHORITIES AND ARGUMENT | 16-24 |
| STATEMENT OF THE CASE | 7-14 |
| GROUNDS FOR RELIEF | 5 |
| STATEMENT OF THE FACTS | 14-16 |
| EXHIBIT'S | 27 |
| CERTIFICATE OF COMPLIANCE WITH RULE 9.4 | 26 |
| CERTIFICATE OF SERVICE | 25 |
| CONCLUSION AND PRAYER | 26 |
| MEMORANDUM OPINION | 27 |
| ORAL ARGUMENT | 1 |
| MENTAL INCOMPETENT | 1 |
| BRIEF FOR PETITIONER | 4 |

# IDENTITY OF PARTIES AND COUNSELS

PURSUANT TO TEX.R. APP. 38.1 (A), PETITIONER CERTIFIES THAT THE FOLLOWING PERSONS MAY HAVE AN INTEREST IN THIS CASE TO THE EXTENT OF THEIR RESPECTIVE DESIGNATIONS, AND THIS CERTIFICATION IS MADE IN ORDER THAT THE PRESIDING JUDGES MAY EVALUATE THE CONFLICTS OF INTERESTS.

WILLIE EUGENE HARDEMAN
PETITIONER - PRO SE

THE STATE OF TEXAS

TERRENCE LEON HOLMES, 455 MILAM, BEAUMONT, TEXAS 77701
ATTORNEY FOR THE PETITIONER ON APPEAL.

THOMAS J. BURBANK, BEAUMONT, TEXAS 77701
FIRST ATTORNEY FOR THE PETITIONER.

RODNEY D. CONEALY, ASSISTANT CRIMINAL DISTRICT ATTORNEY, JEFFERSON COUNTY, COURTHOUSE, BEAUMONT, TEXAS 77701
COUNSEL FOR THE STATE OF TEXAS ON APPEAL.

PERRY THOMAS, ASSISTANT DISTRICT ATTORNEY, 1001 PEARL ST, 3RD FLOOR, BEAUMONT, TEXAS 77701
COUNSEL FOR THE STATE (GUILT / INNOCENCE AND SENTENCING)

SHEIGH SUMMERLIN, 3800 PARK LANE, PORT ARTHUR, TEXAS 77642.
ATTORNEY FOR THE PETITIONER BEFORE APPEAL (GUILT / INNOCENCE

#3.

AND SENTENCING )

JUDGE LAYNE WALKER, 252ND DISTRICT COURT, JEFFERSON COUNTY, TEXAS
TRIAL COURT JUDGE.

#4.

# IN THE
## COURT OF CRIMINAL APPEALS
### AUSTIN, TEXAS


WILLIE EUGENE HARDEMAN
VS                    PETITIONER.
THE STATE OF TEXAS


FROM APPEAL NO.'S   09-13-00467-CR.
                    09-13-00468-CR.
                    09-13-00469-CR.
TRIAL CAUSE NO.'S   10-10378
                    10-10380
                    10-10382



## BRIEF FOR PETITIONER,

# Grounds For Relief

1. MENTAL INCOMPETENT.
2. INEFFECTIVE ASSISTANCE OF COUNSEL, 6TH AMENDMENT.
3. DUE PROCESS CLAUSE, 14TH AMENDMENT.
4. CRUEL AND UNUSUAL PUNISHMENT, 8TH AMENDMENT.
5. TEXAS PENAL CODE ART. 12.42, FIRST DEGREE FOLANY PUNISHMENT.
6. TEXAS HABITUAL CRIMINAL ACT, (VERNON'S ANN. P.C. ACT. 63 ).
7. A SWORNING AFFIDAVIT, (EVIDENCE).

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS,

WILLIE EUGENE HARDEMAN, PETITIONER FROM APPEAL NO.'S 09-13-00467-CR, 09-13-00468-CR, 09-13-00469-CR, AND IN CAUSE NO.'S 10-10378, 10-10380, 10-10382, IN THE 252ND DISTRICT COURT, JEFFERSON COUNTY, TEXAS, LAYNE WALKER JUDGE PRESIDING, AND PETITIONER FOR THE COURT OF CRIMINAL APPEALS, RESPECTFULLY SUBMITS THIS PETITION FOR DISCRETIONARY REVIEW TO THE COURT FOR THE COURT FOR THE PURPOSE OF APPEALING HIS UNJUST CONVICTION'S OF BURGLARY OF HABITATION, AGGRAVATED KIDNAPPING, AGGRAVATED ROBBERY.

FOR CONVENIENCE, THE PARTIES WILL BE REFERRED TO AS "PETITIONER AND THE STATE."

## STATEMENT OF THE CASE.

Greeting's, with all due respect to you and your honorable position as the court of criminal appeals judge's, I swear to write nothing but the truth so help me God.

The petitioner, Willie Eugene Hardeman, is being unlawfully restrained of his liberty and life from a unjust conviction, judgment and sentence in and for the 252nd District Court of Jefferson County, Texas Presiding Judge, Layne Walker.

## ISSUES PRESENTED.

There are seven arguable points of error's, fundamental or otherwise, upon which the petitioner can obtain relief from the conviction's in and for the 252nd District Court of Jefferson County, Texas

This is an appeal from No's 09-13-00467-CR, 09-13-00468-CR, 09-13-00469-CR, and in cause No's 10-10378, 10-10380, 10-10382, in the 252nd District Court, Jefferson County, Texas for burglary of habitation, aggravated robbery, aggravated kidnapping. On February 13, 2012, the petitioner pled guilty to said offense's in the indictment in which was void and none because for (1) the Texas Penal Code Art. 12.42 State's first degree felony punishment for aggravated robbery, aggravated kidnapping, burglary of habitation is as following. (A) An individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the Texas Department of Criminal Justice for life or for any term or not more than

99 YEARS OR LESS THAN 5 YEARS. (B) IN ADDITION TO IMPRISONMENT, AN INDIVIDUAL ADJUDGED GUILTY OF A FELONY OF THE FIRST DEGREE MAY BE PUNISHED BY A FINE NOT TO EXCEED $10,000 DOLLARS. (2) TEXAS PENAL CODE ART. 12.42. PENALTIES FOR REPENT AND HABITUAL FELONY OFFENDERS STATE'S, (C)(1) IF IT IS SHOWN ON THE TRIAL OF A FIRST DEGREE FELONY THAT THE DEFENDANT HAS BEEN ONCE BEFORE CONVICTED OF A FELONY, ON CONVICTION HE SHALL BE PUNISHED BY IMPRISONMENT IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE FOR LIFE, OR FOR ANY TERM OF NOT MORE THAN 99 YEAR'S OR LESS THAN 15 YEARS IN ADDITION TO IMPRISONMENT, AN INDIVIDUAL MAY BE PUNISHED BY FINE NOT TO EXCEED $10,000 DOLLAS. (3) TEXAS HABITUAL CRIMINAL STATUTE (VERNON'S ANN. P.C. ART. 63 ), STATE'S IT IS REQUIRED FOR THE TRIAL COURT TO SENTENCE A DEFENDANT TO LIFE IMPRISONMENT UPON A THIRD CONVICTION, AND UNDER STATUTE GOVERNING PENALTIES FOR REPEAT AND HABITUAL OFFENDERS PUNISHMENT IS ABSOLUTELY FIXED, AND TRIAL COURT CANNOT IGNORE STATUTE AND ASSESS PROBATION. SEE, STATE VS KERSH ( APP. 14 DIST. 1999 ) 2 S.W. 3D. 636, PETITION FOR DISCRETIONARY REVIEW GRANTED. (4) THE TRIAL COURT ERROR IN GIVING THE PETITIONER A PROBATION UNDER THE PROVISION OF HABITUAL CRIMINAL STATUTE, (VERNON'S ANN. P.C. ART. 63 ) SEE, CARTER VS STATE ( CR. APP. 1975 ) 527 S.W. 296. AND ALSO, DUE TO THE FACT MR. DAMON ARDS, D.O.B. 1-3-1967, SECURITY NUMBER 463-381-117 MADE A PLED OF GUILTY IN AND FOR THE 252ND DISTRICT COURT OF JEFFERSON COUNTY, TEXAS PRESIDING JUDGE, LAYNE WALKER, FOR BURGLARY OF HABITATION, AGGRAVATED ROBBERY, AGGRAVATED KIDNAPPING BECAUSE HE WAS GUILTY AS CHARGE -- AND THE COURT ASSESSED A 10 YEAR SENTENCE ON EACH CHARGE TO RUN CONCURRENT IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION AND MR. DAMON ARDS ALSO STATED IN A AFFIDAVIT THAT THE PETITIONER, WILLIE EUGENE HARDEMAN, HAD NOTHING TO DO WITH HIS ACTION ON OR ABOUT SEPTEMBER 1, 2010. SEE EXHIBIT'S ONE + TWO AND EXHIBIT'S A THROUGH F, AND EXHIBIT'S 10 THROUGH 18, THE

PETITIONER, WILLIE EUGENE HARDEMAN, APPOINTED COUNSEL INTENTIONALLY, AND KNOWINGLY LET THE PETITIONER PLED GUILTY TO CHARGE'S THAT HE DIDN'T COMMIT FOR A 10 YEAR UNADJUDICATED PROBATION. THE PETITIONER HAD BEEN IN THE JEFFERSON COUNTY JAIL FOR 18 MONTHS. THE PETITIONER WAS ACTUAL A INNOCENT PERSON, AND HE WAS MENTAL INCOMPETENT TO MAKE ANY PLED AT THAT TIME, AND HIS APPOINTED COUNSEL KNEW IT. SEE EXHIBIT'S MH AND EXHIBIT MOTION TO REVOKE PROBATION HEARING + SENTENCING, REPORTER'S RECORD, PGS. 6, 11-17, 21, -22, 25, 30, 33,) SEE, EX PARTE WESLEY RONALD TULEY 109 S.W. 3D. 388, (TEX. CRIM. APP. 2002) WRIT GRANTED, CLAIM OF ACTUAL INNOCENCE WITH AFFIDAVIT WHICH CONSTITUTED AFFIRMATIVE EVIDENCE OF THE PETITIONER INNOCENCE, SUCH THAT NO RATIONAL JURY WOULD CONVICT THE PETITIONER IN LIGHT OF THE EVIDENCE. EX PARTE FRANKLIN, 72 S.W. 3D. 671, 675, (TEX. CRIM. APP. 2002) (CITING SCHLUP VS DELO, 513 U.S. 298, 314, 115 S. CT. 851, 130 L. ED. 2D. 808, (1995). ELIZONDO, 947 S.W. 2D. AT 208,). INCARCERATION OF AN INNOCENT PERSON OFFENDS FEDERAL DUE PROCESS, THEREFORE A BARE INNOCENCE CLAIM RAISES A CONSTITUTIONAL CHALLENGE TO THE CONVICTION. THE PETITIONER ADEQUATELY CAUSE AND PREJUDICE. INEFFECTIVE ASSISTANCE OF COUNSEL CONSTITUTES CAUSE FOR FAILURE TO RAISE A CHALLENGE. SEE, DOYLE VS UNITED STATES, 721 F. 2D. 1195, 1198-99, (9TH CIR. 1983). THE PETITIONER WILL SHOW THE HONORABLE COURT IN THIS BRIEF TRUE FACTS OF THE PETITIONER BEING DENY EFFECTIVE ASSISTANCE OF COUNSEL WHICH WAS A VIOLATION OF THE PETITIONER 6TH AMENDMENT OF THE UNITED STATE CONSTITUTION BECAUSE HIS APPOINTED COUNSEL "MR. BURBANK" PERFORMANCE WAS DEFICIENT AND THE DEFICIENLY PREJUDICED. THE INDICTMENT ALLEGES THAT THE OFFENSE BURGLARY OF HABITATION, AGGRAVATED ROBBERY, AGGRAVATED KIDNAPPING OCCURRED ON OR ABOUT SEPTEMBER 1, 2010. THE PETITIONER AND MR. DAMON ARDS WENT TO THE COMPLAINANT HOUSE TO SCORE SOME DRUG'S, AND WHEN

THE PETITIONER KNOCKED ON THE FRONT DOOR MR. DAMON ARDS KICK THE COMPLAINANT'S FRONT DOOR END, AND FORCE THE PETITIONER INTO THE COMPLAINANT'S HOME AT GUN POINT, AND THE PETITIONER ASKED HIM IS HE GONE CRAZY'S, AND HE TOLD THE PETITIONER TO BE QUIET, AND MR. DAMON ARDS BEGIN TO DEMAND DRUG'S AND MONEY FROM THE COMPLAINANT'S AT GUN POINT AND THE COMPLAINANT'S GAVE MR. DAMON ARDS WHAT HE HAD, AND MR. DAMON ARDS STARTED LOOKING EVERY WHERE FOR MORE MONEY AND DRUG'S, AND THE PETITIONER ASSUME THAT HE FOUND SOME TAPE, AND HE BEGIN TO TIE THE COMPLAINANT UP, AND THE PETITIONER STAYED LAYING ON THE FLOOR WITH THE COMPLAINANT. IT SEEM LIKE MR. DAMON ARDS USE'S THE PETITIONER TO TAKE HIM OVER TO THE COMPLAINANT'S HOME TO ROB HIM, AND I, THE PETITIONER'S DION'T HAVE ANYTHING TO DO WITH IT, AND THE PETITIONER DIDN'T HAVE KNOW IDEA THAT MR. DAMON ARDS WAS GOING TO COMMIT A CRIME, AND THE PETITIONER TOLD HIS APPOINTED COUNSEL, AND THE NOT SO HONORABLE JUDGE, LAYNE WALKER, AND SOMEHOW THE PETITIONER WAS CHARGE WITH THREE UNJUST CRIME'S SUCH AS AGGRAVATED ROBBERY, AGGRAVATED KIDNAPPING, AND BURGLARY OF HABITATION. AND, ON OR ABOUT SEPTEMBER 1, 2010 THE PETITIONER HAD BEEN A VICTIM OF A STROKE SOME MONTHS BEFORE SEPTEMBER 1, 2010 AND HE WAS USING A FOUR POINT CANE, AND THE PETITIONER RIGHT FOOT WAS IN A BRACE AT THAT TIME, AND THE PETITIONER HAD KNOW USE'S OF HIS RIGHT HAND AT ALL BECAUSE FROM HAVING A STROKE IT LEFT HIS RIGHT HAND COMPLETELY DISABLE, AND ALSO THE PETITIONER HAD OTHER DISABILITY FROM HAVING A STROKE THAT HIS EXHIBIT'S WILL EXPLAIN AND SUPPORT HIS CONDITION ON OR ABOUT SEPTEMBER 1, 2010. SEE EXHIBIT'S A, B, C, D, E, F,. ON FEBRUARY 13, 2012 THE PETITIONER PLED GUILTY T SAID OFFENSE'S IN THE INDICTMENT BECAUSE HIS APPOINTED COUNSEL INTENTIONALLY AND KNOWINGLY TO BE VERY INEFFECTIVE BY MAKING PLED BARGAIN FOR THE PETITIONER FOR A 10 YEAR UNADJUDICATION PROBATION KNOWING THAT HIS CLIENT WAS MENTALLY INCOMPETENT

TO ACCEPT A PLEA BARGAIN AND THE COURT DEFERRED ALL FURTHER PROCEEDINGS IN ACCORDANCE WITH ARTICLE 42.12 C.C.P. SECTION 3D WITHOUT ENTERING AN ADJUDICATION OF GUILT. THE PETITIONER WAS ACTUAL INNOCENCE OF ALL CHARGE'S. THE APPOINTED COUNSEL KNEW THAT THE PETITIONER WAS A VICTIM OF THE MATTER BECAUSE THE PETITIONER WAS A DISABLE PERSON WITH MANY, MANY, HANDICAP'S ON SEPTEMBER 1, 2010. SEE, EXHIBIT'S A, B, C, D, E, F, #ONE AND #TWO, AND EXHIBIT'S M.H. THE APPOINTED COUNSEL KNEW THAT THE PETITIONER HAD BEEN IN THE JEFFERSON COUNTY JAIL FOR 18 MONTHS FOR THOSE'S UNJUST CHARGE'S, THE APPOINTED COUNSEL KNEW THAT THE PETITIONER HAD A SWORNING AFFIDAVIT ON HIS BEHALF STATING THAT THE PETITIONER HAD NOTHING TO DO WITH THE CRIME COMMITTED ON SEPTEMBER 1, 2010 BY MR. DAMON ARD'S ACTION'S, AND MR. DAMON ARD'S PLED GUILTY AS CHARGE'S, AND ACCEPTED A PLEA BARGAIN OF 10 YEARS ON EACH CHARGE TO RUN CONCURRENT IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION OUT OF THE 252ND DISTRICT COURT, JEFFERSON COUNTY, TEXAS UNJUST LAYNE WALKER, JUDGE PRESIDING, AND ALSO THE APPOINTED COUNSEL KNEW THAT THE 252ND DISTRICT COURT, JEFFERSON COUNTY, TEXAS ERROR BY DEFERRING THE PROCEEDING, AND PLACING THE PETITIONER ON A 10 YEAR UNADJUDICATION PROBATION'S" IN WHICH" WAS A VIOLATION OF THE TEXAS PENAL CODE ART. 12.42, AND THE TEXAS HABITUAL CRIMINAL ACT. (VERNON'S ANN.P.C. ART. 63). SEE, UNDER THE HABITUAL FELONY OFFENDER SENTENCING STATUTE, SENTENCE IS IMPOSED TO REFLECT THE SERIOUSNESS OF A DEFENDANT'S MOST RECENT OFFENSE, NOT AS IT STANDS ALONG, BUT IN LIGHT OF PRIOR OFFENSE'S. SEE, EXHIBIT'S 10-18, SCOTT VS STATE (CR. APP. 2001) 55 S.W. 3D.593, ON REMAND AND WINCHESTER VS STATE (APP. 7. DIST. 2008) 246 S.W. 3D. 386, THE TRIAL COURT HAD NO AUTHORITY TO GIVE THE PETITIONER A UNJUDICATION PROBATION BECAUSE HIS SENTENCE WAS NOT AUTHORIED BY LAW. THE PETITIONER, WILLIE EUGENE HARDEMAN, CONTENDS THAT INEFFECTIVE

ASSISTANCE OF HIS COUNSEL PREJUDICED HIM BECAUSE HE WOULD NOT HAVE PLEADED GUILTY IF HIS ATTORNEY WOULD HAVE BEEN IN THE BEST INTEREST OF HIS CASE. SEE, THOMAS VS UNITED STATES, 27 F.3D.321,326, (8TH CIR. 1994). AND ALSO, THE PETITIONER WAS CLAIMING ACTUAL INNOCENCE, AND HIS APPOINTED COUNSEL WAS DEFICIENT AND DEFICIENCY PREJUDICED IN HIS REPRESENTATION. SEE, HERRERA VS COLLINS, CITE AS 113 S.CT. 853, (1993) AND, THE EIGHTH AMENDMENT PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT, AND THE FOURTEETH AMENDMENT'S DUE PROCESS GUARANTEE THEREFORE FORBID THE PETITIONER UNJUST CONVICTION. HE SUPPORTED THIS CLAIM WITH A AFFIDAVIT TENDING TO SHOW THAT HE HADN'T COMMITTED THE CRIME'S. THE PETITIONER STATED HIS ACTUAL INNOCENCE CLAIM, AND THE SUPPORTING AFFIDAVIT IN THE 252ND DISTRICT COURT, JEFFERSON COUNTY, TEXAS UNJUST LAYNE WALKER, JUDGE PRESIDING AND HIS APPOINTED COUNSEL WAS DEFICIENT AND, DEFICIENCY PREJUDICED ONCE AGAIN. FEDERAL HABEAS COURTS, ENSURE THAT INDIVIDUALS ARE NOT IMPRISONED IN VIOLATION OF THE CONSTITUTION. SEE, MOORE VS DEMPSEY, 261 U.S. 86, 87-88, 43 S.CT. 265-266, 67 L.ED. 543. ALSO, THE PETITIONER FEDERAL CONSTITUTIONAL CLAIM CONSIDERED ON THE MERITS IF HE MAKES A PROPER SHOWING OF ACTUAL INNOCENCE. SEE, SAWYER VS WHITLEY, 505 U.S. 330, 112 S.CT 2514, 120 L.ED. 2D. 269. SEE, UNITED STATES VS GRANADOS CITE AS 168 F.3D. 343, (CIT. 1999) PETITIONER APPEALED, THE COURT OF APPEALS HELD THAT (1.) PETITIONER WAS PREJUDICED BY COUNSEL'S UNFAMILIARITY WITH SENTENCING GUILDLINE AND FAILURE TO CHALLENGE. (2.) COURT OF APPEALS HAD AUTHORITY TO REVIEW THIS ISSUE, SUASPONTE, FOR PLAIN ERROR, REVERSED AND REMANDED. ALSO SEE, MENEFEE VS STATE (APP. 9 - DIST. 2009) 175 S.W. 3D. 500, DEFICIENT PERFORMANCE. ON OCTOBER 14, 2013 THE COURT CONVENED FOR A HEARING ON A MOTION TO REVOKE UNADJUDICATED PROBATION. THE UNJUST COURT REVOKED THE PETITIONER'S UNADJUDICATED PROBATION DEFERRED THE FINDING AND ASSESSED HIS PUNISHME-

13,

NT AT SEVENTY FIVE (75) YEARS CONFINEMENT IN THE INSTITUTIONAL DIVISION. THE PETITIONER WAS INCOMPETENT TO STAND A MOTION TO REVOKE PROBATION HEARING AND SENTENCING BUT, HIS APPOINTED COUNSEL MS. SUMMERLID WAS VERY INEFFECTIVE AS THE PETITIONER COUNSEL, AND THE EXHIBIT'S WILL SHOW THE HONORABLE COURT THAT HER PERFORMANCE WAS DEFICIENT AND THE DEFICIENCY PREJUDICED THE PETITIONER. SEE EXHIBIT'S, M H AND EXHIBIT MOTION TO REVOKE PROBATION HEARING + SENTENCING, REPORTER'S RECORD, PGS. 6, 11-17, 21-22, 25-30, 33,) SEE, MENEFEE VS STATE (APP. 9 DIST 2005) 175 S.W. 3D 500, DEFICIENT PERFORMANCE. THIS HONORABLE COURT HAS JURISDICTION UNDER ARTICLE 39 OF THE TEXAS CODE OF CRIMINAL PROCEDURE, ART. 1, SECTION 10 OF THE TEXAS CONSTITUTION, AND THE SIXTH (6TH) AND THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND THE AMERICAN WITH DISABILITY ACT. SECTION 503 OF THE ACT OF 1964, REVISE 1990 ADA. THE PETITIONER MENTAL STATE OF BEING AT THE TIME OF HIS MOTION TO REVOKE PROBATION HEARING AND SENTENCING ON OCTOBER 14, 2013 AS INCOMPETENT TO STAND THAT HEARING, AND THE PETITIONER DON'T REMEMBER ANY OF THE MOTION TO REVOKE PROBATION HEARING AND SENTENCING DUE TO HIS MENTAL OF BEING. SEE EXHIBIT MOTION TO REVOKE PROBATION HEARING AND SENTENCING, REPORTER'S RECORD, PGS. 6, 11-17, 21-22, 25-30, 33,) AND EXHIBIT'S M H, THE PETITIONER ILLNESS CONSIST OF BIPOLAR DISORDER, MAJOR DEPRESSION, SCHIZOL DEFFECTIVE, AND MENTAL DISORDERS. THE PETITIONER WAS HARMED WHEN THE PROSECUTOR, THE APPOINTED COUNSEL AND THE UNJUST 252ND DISTRICT COURT, JEFFERSON COUNTY, TEXAS, LAYNE WALKER, JUDGE PRESIDING FAILED TO DISCLOSE THE AFFIDAVIT. CONSEQUENTLY, THE PETITIONER CONVICTION SHOULD BE REVERSED AND SET ASIDE FOR ACQUITTAL. THE CONVICTION OF A LEGALLY INCOMPETENT THE PETITIONER VIOLATES DUE PROCESS. U.S.C.A. CONST. AMEND. 14. THE PETITIONER MAY ON APPEAL REVIEW OF HIS STATE CONVICTION OBTAIN RELIEF IF THE PETITIONER CAN SHOW THAT THE STATE PROCEDURE WERE INADEQUATE TO ENSURE

THAT THE PETITIONER WAS COMPETENT TO STAND A TRIAL. FOR EXAMPLE IF THE TRIAL COURT FAILED TO CONDUCT A COMPETENCY HEARING. SEE, CARTER VS JOHNSON, 131 F.3d. 452, 459, N.10 (5TH CIR. 1997) (CITING PATE VS ROBINSON, 383 U.S. 375, 86 S. CT. 836, 15 L. ED. 2D. 815,). THE 252ND DISTRICT COURT, JEFFERSON COUNTY, TEXAS UNJUST LAYNE WALKER, JUDGE PRESIDING DID NOT ACT WITHIN THE DUE PROCESS BOUNDARIES IN THE PETITIONER COMPETENCY BECAUSE THE UNJUST COURT WAS BEING BIAS TO HOLD A INCOMPENCY HEARING. SEE, JOHNSON VS SAWYER 120 F.3D. 1307, 1333, (5TH CIR. 1997). APPOINTED COUNSEL, IN THE COURSE OF PERFORMING HIS OFFICIAL DUTY AS THE PETITIONER COURT APPOINTED ATTORNEY DID NOT EXCERCISE THE USE OF HIS SKILLS DILGENTLY AS THE PETITIONER'S ATTORNEY. ATTORNEY BURBANK, AND THE JEFFERSON COUNTY, TEXAS PROSECUTOR GROSS NEGLIGENCE ON FEBRUARY 13, 2012 WHEN THEY KNEW THAT THE PETITIONER WAS INCOMPETENT TO STAND TRIAL OR TAKE A PLED BARGAIN. APPOINTED ATTORNEY AND THE PROSECUTOR ARE NOT A KNOWN EXPERT PSYCHIATRIST NOR A KNOWN EXPERT PSYCHOLOGIST AND DO NOT POSSES THE EXPERTISE TO SAY IF THE PETITIONER WAS COMPETENT OR NOT BEING THAT THE COURT, THE PROSECUTOR NOR THE PETITIONER ATTORNEY HAD THE PETITIONER EVALUATED BY A LICENSED PSYCHIATRIST AT THE JEFFERSON COUNTY, TEXAS JAIL BEFORE THE PETIONER PLED GUILTY TO SAID OFFENSE'S IN THE INDICTMENT, WHICH WAS REQUIRED BY LAW.

## ISSUES PRESENTED

THERE ARE SEVEN ARGUABLE POINTS OF ERROR, FUNDAMENTAL OR OTHERWISE, UPON WHICH THE PETITIONER CAN OBTAIN RELIEF FROM THE CONVICTION OF THE 252ND DISTRICT COURT, JEFFERSON COUNTY, TEXAS UNJUST LAYNE WALKER, JUDGE PRESIDING.

## STATEMENT OF FACTS

15.

THIS IS AN APPEAL FROM A CONVICTION IN CAUSE NO.'S 10-10378, 10-10380, 10-10382, FOR AGGRAVATED KIDNAPPING, AGGRAVATED ROBBERY, BURGLARY OF HABITATION, AND FROM APPEAL NO.'S 09-13-00467-CR, 09-13-00468-CR, 09-13-00469-CR, ON FEBRUARY 13, 2012 THE PETITIONER COUNSEL PERFORMANCE WAS DEFICIENT AND DEFICIENY PREJUDICED BECAUSE HE KNEW THAT THE PETITIONER WAS MENTAL INCOMPETENT TO MAKE A PLED OF GUILTY TO THE SAID OFFENSE'S IN THE INDICTMENT FOR A TERM OF TEN (10) YEARS UNADJUDICATED PROBATION. SEE, EXHIBIT MOTION TO REVOKE PROBATION HEARING AND SENTENCING, REPORTER'S RECORD, PGS. 6, 11-17, 21-22, 25-30, 33,) AND EXHIBIT'S M H, AND THE PETITIONER HAD A SWORNING AFFIDAVIT STATING HIS INNOCENT, AND THE COUNSEL DID NOT PRESENT THE EVIDENCE TO THE COURT ON THE BEHALF OF THE PETITIONER WHICH WAS A VIOLATION OF THE PETITIONER 6TH AMENDMENT, AND HIS 14TH AMENDMENT. SEE, EXHIBIT'S ONE AND TWO. ALSO SEE, MENEFEE VS STATE, (APP. 9 DIST. 2005) 175 S.W. 3D. 500, DEFICIENT PERFORMANCE. SEE, STRICKLAND VS WASHINGTON, 426 U.S. 668, 104 S. CT. 2952, 80 L. ED. 2D. 674 (1984)


COUNSEL HEREIN WAS APPOINTED TO REPRESENT THE PETITIONER ON APPEAL.


THE APPOINTED COUNSEL WOULD HAVE SEEN IN THE REPORTER'S RECORD THAT THE PETITIONER WAS INCOMPETENT TO HAVE A MOTION TO REVOKE PROBATION HEARING AND SENTENCING. SEE, EXHIBIT MOTION TO REVOKE PROBATION HEARING AND SENTENCING, REPORTER'S RECORD, PGS. 6, 11-17, 21-22, 25-30, 33, AND EXHIBIT'S M H. THE APPOINTED COUNSEL WOULD HAVE SEEN IN THE FIRST TRANSCRIPT THAT THE PETITIONER WAS WRONGLY CHARGE FOR THREE CRIME'S THAT HE DIDN'T HAVE ANYTHING TO DO WITH. SEE, EXHIBIT'S ONE AND TWO. THE PETITIONER WAS ACTUAL A INNOCENT PERSON, AND HE WAS MENTAL INCOMPETENT TO MAKE ANY PLED AT THAT. SEE, EXHIBIT'S M H AND EXHIBIT MOTION TO REVOKE PROBATION HEARING AND SENTENCING, REPORTER'S RECORD, PGS. 6, 11-17, 21-22, 25-30, 33,) SEE, EXPARTE WESLEY RONALD TULEY 109 S.W. 3D. 388

16.

(TEX. CRIM. APP. 2002) WRIT GRANTED, CLAIM OF ACTUAL INNOCENCE WITH AF-FIDAVIT WHICH CONSTITUTED AFFIRMATIVE EVIDENCE OF THE PETITIONER'S INN-OCENCE, SUCH THAT NO RATIONAL JURY WOULD CONVICT THE PETITIONER IN LIGHT OF THE EVIDENCE. THE TRIAL COURT ERROR IN GIVING THE PETITIONER A PROBATION UNDER THE PROVISIONS OF HABITUAL CRIMINAL STATUTE (VERNON'S ANN. P.C. ART. 63) SEE, MC CARTER VS STATE, (CR. APP. 1975) 527 S.W. 296, AND ALSO MR. DAMON ARDS ALSO STATED IN A AFFIDAVIT THAT THE PETITIONER HAD NOTHING TO DO WITH HIS ACTION ON OR ABOUT SEPTEMBER 1, 2010. SEE EXHIBIT'S ONE + TWO, AND EXHIBIT'S A, THROUGH F. THE PETITIONER'S WAS MENTAL INCOMPETENT TO STAND A MOTION TO REVOKE PR-OBATION HEARING AND SENTENCING AT THAT TIME, AND EXHIBIT'S M H AND EXHIBIT MOTION TO REVOKE PROBATION HEARING AND SENTENCING, REPORTER'S RECORD, PGS. 6, 11-17, 21-22, 25-30, 33,) WILL SPEAK FOR THE RECORD, AND THERE ARE SEVEN ARGUA-BLE POINTS OF ERROR AS FURTHER DETAILED IN THIS BRIEF

## ARGUMENT AND AUTHORITIES.

THE EVIDENCE IS SUFFICIENT FOR THE PETITIONER TO BE ACQUITTAL IN THE ABOVE CAUSE NO'S. 10-10378, 10-10380, 10-10382, AND FROM APPEAL NO'S. 09-13-00467-CR, 09-13-00468-CR, 09-13-00469-CR, APPOINTED COUNSEL INTENTIO-NALLY AND KNOWINGLY LET THE PETITIONER PLED GUILTY TO THE ABOVE CAUSE'S W-HEN THE PETITIONER WAS MENTAL INCOMPETENT TO MAKE A PLEA BARGAIN. THE APPOINTED COUNSEL INTENTIONALLY KNEW THAT THE PETITIONER HAD A AFFIDA-VIT STATING THAT HE WAS INNOCENT OF ALL CHARGE'S SAID IN THE INDICDICT-MENT BUT, THE COUNSEL DID NOT PRESENT THE AFFIDAVIT TO THE COURT. THE PETITIONER NEVER RECEIVED A PSYCHOLOGICAL EVALUATION PRIOR TO HIS PLED OF GUILTY TO THE CHARGE'S. THE PETITIONER COUNSEL SHOULD HAVE MADE SAID COURT AWARE THE PETITIONER WAS MENTAL INCOMPETENT AND NO COURT PROCEEDINGS SHOULD HAVE BEEN GRANTED WITHOUT AN PSYCHIATRIC EVALUATION BEING PRESENTED TO SAID COURT. THE PETITIONER WAS ALREADY UNDER DOCTOR CARE THROUGH

17.

THE V.A. HOSPITAL, AND IN THE JEFFERSON COUNTY, TEXAS JAIL, TAKING PRESCRIBED MEDICTIONS AND UNDER THE INFLUENCE OF DRUGS AND ALCOHOL UP ON HIS ARREST, WHEN THE PETITIONER WAS ARRESTED HE WAS NEVER EXAMINED BY A DOCTOR. COUNSEL SHOULD HAVE MADE TRIAL JUDGE AWARE OF HIS CLIENT'S STATE. THIS FACT ALONE IS GROUDS FOR A EVIDENTIARY HEARING. THIS IS A VIOLATION OF HIS DUE PROCESS UNDER THE U.S. CONSTITUTION 14TH AMENDMENT ALSO SEE, VERNON'S METAL HEALTH AND MENTAL RETARDATION 574.061(D) 574.031, A PERSON SUSPECTED OF MENTAL HEALTH AND MENTAL ILLNESS ARE NOT TO BE DEPRIVED OF LIBERTY ON BIASIS OF THE COURT OPINION, ALONE SUCH AN OPINION, IS NOT IT SELF, ENOUGH TO DEPRIVE PERSON OF HIS LIBERTY, AND WHERE THERE IS SUFFICIENT DOUBT ABOUT PETITIONER'S COMPETENCY, TRIAL JUDGE MUST, CONDUCT HEARING TO DETEAMINE WHETHER THE PETITIONER IS CAPABLE OF PROCEEDING. SEE, DROPE, 420 U.S. AT 335, 86 S.CT. AT 842. A JUDGE'S FAILURE TO PEBFORM THIS DUTY VIOLATES THE PETITIONER'S DUE PROCESS RIGHT TO A FAIR TRIAL OR TO A FAIR PLED BARGAIN. ALSO SEE, 420 U.S. AT 172, 95 S.CT. AT 904, AND PATE, 383 U.S. AT 385 86 S.CT. AT 842, GRIFFIN VS LOCKHART, 935 F.2D. 926, 930, (8TH CIR. 1991) AND SEE, THE SUPREME COURT OPINION IN SPEEDY VS WYRICK, 702 F.2D. 723, (8TH CIR. 1983) AND SEE, U.S. VS DAVIS 61 F.3D. 291, 304, (5TH CIR. 1995). THE SUPREME COURT HAS BARDED THAT THE COURTS CANNOT DENY MENTAL PEOPLE A MENTAL COMPETENCY HEARING. SEE, REED, 14 S.W. 3D. 438, (TEX. APP. HOUSTON, 14TH DIST. 2000) ALSO SEE, EX PARTE TUTTLE, 445 S.W. 2D. 194, 198, (TEX. CRIM. APP. 1929) AND DUSKY VS UNITED STATES, 362 U.S. 402, 4 L.D. 2D. 824, 80 S.CT. 788, (1960) ALSO, UNDER THE U.S. 14TH AMENDMENT AND THE TRIAL COURT ERRED IN NOT GIVING A ORDER TO A PSYCHIATRIC OF PETITIONER THERE UNDER. THE PETITIONER ARGUES THAT HIS CONVICTION SHOULD BE SET ASIDE BECAUSE OF THE COURT'S ERRONEOUS DENIAL OF HIS U.S. 14TH AMENDMENT TO THE DUE PROCESS. THE 252ND DISTRICT COURT FAILURE TO HOLD A COMPETENCY HEARIN DENIED THE PETITIONER DUE PROCESS, AND THE FAILURE OF EITHER OF THE PETITIONER'S ATTORNEY TO REQUEST A COMPETENCY HEARING CONSTITUTIONED INEFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIX AMENDMENT AND INEFFECTIVE ASSISTANCE OF COUNSEL

18.

UNDER ARTICLE 1 & 10 OF THE TEXAS CONSTITUTION AND THE PETITIONER CONTENDS THE COURT ERRED IN FAILING TO CONDUCT A COMPETENCY HEARING PURSUANT TO TEX. CODE. CRIM. PROC. ANN. ART. 46.022 (B), AND THE PETITIONER TOLD COUNSEL HE HAD A MENTAL ILLNESS. SEE, COLLIER VS STATE, 959 S.W. 2D. 621, 625, TEX. CRIM. APP. 1997) THE PETITIONER ARGUES THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO CONDUCT EITHER A PRELIMINARY INQUIRY OR A TRIAL ON PETITIONER'S COMPETENCY. THE DECISIONS ARE IN LINE WITH A DECISION BY THE SUPREME COURT RULING WHERE THIS JUSTICE IN A 5-4 VOTE, SAID A PETITIONER HAD DEFICIENT LEGAL HELP EARLY BECAUSE APPEAL LAWYER DIDN'T RAISE CHALLENGES THAT THIS TRIAL LAWYER WERE INEFFECTIVE. THE PETITIONER CONTENED APPEAL AND TRIAL FAILED TO UNCOVER EVIDENCE. THE DEFICIENT PERFORMANCE PREJUDICED THE DEFENSE TO SUCH A DEGREES THAT PETITIONER WAS DEPRIVED OF A FAIR TRIAL. SEE, STRICKLAND VS WASHINGTON, 466 U.S. 668, 104 S. CT. 2952, 80 L. ED. 2D. 674, (1984) HERNANDEZ VS STATE, 726 S.W. 2D. 53, 57, (TEX. CRIM. APP. 1986). THE PETITIONER HAS ALLEGED FACTS THAT, IF TRUE, MIGHT ENTITLE THE PETITIONER TO ACQUITTAL. SEE, STRICKLAND VS WASHINGTON, 466 U.S. 668, (1984) AND EX PARTE PATTERSON, 993 S.W. 2D. 114, 115, (TEX CRIM. APP. 1999), AND AS HELD IN EX PARTE RODRIGUEZ 334 S.W. 2D. 294, (TEX. CRIM. APP. 1960). THE TRIAL COURT IS THE APPROPRIATE FORUM FOR FINDING OF FACT. A MISCARRAGE OF JUSTICE HAS OCCURED WHEN THE 252ND DISTRICT COURT FAILED TO GIVE THE PETITIONER A COMPETENCY HEARING THAT IS REQUIRED UNDER STATE AND FEDERAL LAWS. THEREFORE, THE JUDGMENT OF CONVICTIONS SHOULD BE REVERSED FOR A EVIDENTARY HEARING AND THE CAUSE REMANDED TO THE 252ND DISTRICT COURT TO ENTRY OF A JUDGMENT OF ACQUITTAL. A APPOINTED COUNSEL MUST HAVE A FIRM COMMAND OF THE FACTS OF THE CASE AS WELL AS GOVERNING LAWS BEFORE HE OR SHE CAN RENEDER REASONABLY EFFECTIVE ASSISTANCE TO HIS CLIENT IN OR OUT OF THE COURTROOM. SEE, EX PARTY DUFFY, 607 S.W. 2D. 507, 516, (TEX. CR. APP. 1980), FLORES VS STATE, 576 S.W. 2D. 632, 634, TEX. CR. APP. 1978), EX PARTE EWING 570 S.W. 2D. 941, 947, (TEX. CR. APP. 1978) ALSO SEE, HERRING VS ESTELLE, 491 F. 2D 125, 128, (CA5 1974), CARAWAY VS BETO, 421 F. 2D. 636, 637, (CA5 1970)

WILLIAMS VS BEG, 354 F.2D. 698, 705, (CA5 1965). AND POWELL VS ALBAMA, 287 U.S. 45, 53 S.CT. 55, 77 L.ED. 158 (1932), THE SUPREME COURT RECOGNIZED THAT A THOROUGH INVESTIGATION IS THE FOUNDATION UPON WHICH EFFECTIVE ASSISTANCE OF COUNSEL IS BUILT. AN ATTORNEY HAS THE PROFESSIONAL DUTY TO PRESENT ALL AVAILABLE EVIDENCE AND ARGUMENTS IN A CRIMINAL PROSECUTION TO SUPPORT DEFENSE OF HIS CLIENT, SEE, EX PARTE DUFFY (CR. APP. 1980) 607 S.W.2D. 507, AND MENEFEE VS STATE, (APP. 9 DIST. 2005) 175 S.W. 3D. 500, EX PARTE GRIFFIN 679 S.W. 2D. 15, (TEX. CRIM. APP. 1984) WRIT GRANTED, WHERE EVIDENCE SHOWED THAT COUNSEL MIS REPRESENTED THE TERMS OF THE PLEA BARGAIN. SEE, MEMPA VS RHAY 389 U.S. 128, 134, 88 S.CT. 254, (1927), BUTLER VS STATE, 716 S.W.2D. 48 (TEX. CRIM. APP. 1986). THE PETITIONER CLAIM OF INEFFECTIVE ASSISTANCE BASED ON THE FAILURE TO ARGUE AN ISSUE ON APPEAL IS GOVERNED BY THE TWO-PART STRICKLAND TEST, WHICH REQUIRES A DETERMINATION OF WHETHER (1) THE ATTORNEY'S PERFORMANCE WAS DEFICIENT, AND (2) THE DEFICIENCY PREJUDICED THE PETITIONER U.S.C.A. CONST. AMEND. 6TH. SEE, ROE VS FLORES ORTEGA U.S. 120 S.CT. 1029, 1634, 145 L.ED. 2D. 985, (2000) (CITING STRICKLAND VS WASHINGTON, 466 U.S. 668, 687, 104 S.CT. S.CT 2052, 2064, 80 L.ED. 2D. 674, 692-93, (1984) UNITED STATES VS WILLIAMSON, 183 F. 3D. 458, 462, (5TH CIR. 1999 SEE, HUGHES VS U.S. CITE AS 258, F. 3D. 453, (6TH CIR. 2001) REVERSED AND REMANED. THE COURT OF APPEALS, POLITZ, CHIEF JUDGE, HELD THAT (1) DEFENSE COUNSEL'S FAILURE TO PURSUE INDEPENDENT PSYCHOLOGICAL ANALYSIS OF DEFENDANT WAS NOT PROFESSIONALLY REASONABLE, AND (2) THE DEFENDANT WAS PREJUDICED WHEN EVIDENCE CONCERNING HIS MENTAL CONDITION AT THE TIME OF CRIME WAS NOT PRESENTED DURING SENTENCING PHASE. SEE, MOORE VS JOHNSON CITE AS 194 F. 3D. 586, (5TH CIR. 1999) REVERSED, AND CERTIORARI WAS GRANTED, AND ALSO LOYD VS WHITLEY CITE AS 977 F. 2D. 149, (5TH CIR. 1992) REVERSED AND REMANED. SEE, EXHIBIT'S M.H. AND EXHIBIT MOTION TO REVOKE PROBATION HEARING AND SENTENCING, REPORTER'S RECORD, PGS. 6, 11-17, 21-22, 25-30, 33,)

20,

ON FEBRUARY 13, 2012 CAME TO BE HEARD IN THE NO. CAUSE 10378, 10380, 10382, BEFORE THE UNJUST 252ND DISTRICT COURT HELD FOR A MOTION TO REVOKE PROBATION PLEA OF TRUE AND SENTENCING. THE 252ND DISTRICT COURT ERROR BY VIOLATING THE PETITIONER 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION BECAUSE HE WAS ATTENDING A MOTION TO REVOKE PROBATION PLEA OF TRUE AND SENTENCING BEFORE THE PETITIONER RECEIVED THE 10 YEAR PROBATION. SEE, EXHIBIT MOTION TO REVOKE PROBATION PLEA OF TRUE AND SENTENCING BEFORE THE PETITIONER PGS. 11-23, THE 252ND DISTRICT COURT ERROR BY VIOLATING THE TEXAS PENAL CODE ART. 12.42 FIRST DEGREE FELONY PUNISHMENT WHICH WAS STATED IN THE INDICTMENT BY GIVING THE PETITIONER A 10 YEAR PROBATION. SEE, EXHIBIT MOTION TO REVOKE PROBATION PLEA OF TRUE AND SENTENCING PGS. 4-7, THE 252ND DISTRICT COURT ERROR BY VIOLATING THE TEXAS HABITUAL CRIMINAL ACT. (VERNON'S ANN. P.C. ART. 63) BY GIVING THE PETITIONER A 10 YEAR PROBATION WHEN THE COURT KNEW THAT THE PETITIONER WASN'T ELIGIBLE TO RECEIVE A 10 YEAR PROBATION. SEE, EXHIBIT MOTION TO REVOKE PROBATION PLEA OF TRUE AND SENTENCING PGS. 4-7, THE 252ND DISTRICT COURT ERROR BY VIOLATING THE PETITIONER DUE PROCESS CLAUSE, 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION IN NOT HONORING A SWORNING AFFIDAVIT, (EVIDENCE) STATING THAT HE DIDN'T HAVE ANYTHING TO DO WITH THE CAUSE NO'S 10378, 10380, 10382. SEE, EXHIBIT'S ONE AND TWO, AND MOTION TO REVOKE PROBATION PLEA OF TRUE AND SENTENCING PGS. 7-10, THE 252ND DISTRICT COURT ERROR BY LETTING APPOINTED COUNSEL VIOLATE THE PETITIONER 6TH AMENDMENT OF THE UNITED STATES CONSTITUTION THROUGH THE WHOLE COURT PROCEEDING ON FEBRUARY 13, 2012 IN AND FOR THE 252ND DISTRICT COURT. SEE, EXHIBIT'S M.H. AND MOTION TO REVOKE PROBATION PLEA OF TRUE AND SENTENCING PGS. 1-25, THE APPOINTED COUNSEL STATED IN THE PETITIONER MOTION TO REVOKE PROBATION PLEA OF TRUE AND SENTENCING THAT THE PETITIONER WAS COMPETENT WHEN HE KNEW THAT THE PETITIONER WAS MENTAL INCOM-

PETENT. SEE, EXHIBIT'S M.H. AND EXHIBIT MOTION TO REVOKE PROBATION HEARING AND SENTENCING, REPORTER'S RECORD, PGS. 6, 11-17, 21-22, 25-30, 33,). AND ALSO, APPOINTED COUNSEL KNEW THAT THE PETITIONER JUST WANT TO GET OUT OF THE COUNTY JAIL AFTER BEING THERE FOR 18 MONTHS FOR A CRIME OR CRIME'S HE DIDN'T COMMIT, AND ALSO THE PETITIONER ALSO HAD A SWORNING AFFIDAVIT FOR MANY MONTHS WHILE BEING IN THE COUNTY JAIL, AND THE PETITIONER APPOINTED COUNSEL TOOK ADVANTAGE OF HIM WHICH WAS A VIOLATION OF THE PETITIONER 6TH AND 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION. THE 252ND DISTRICT COURT ERROR WHEN LAYNE WALKER, JUDGE PRESIDING DIDN'T HONOR THE PETITIONER AFFIDAVIT STATING THAT HE DIDN'T HAVE NOTHING TO DO WITH THE CRIME'S THAT MR. DAMON AADS COMMITTED ON SEPTEMBER 1, 2010 AND MR. DAMON AADS TOLD A BIG LIE ON THE PETITIONER AFTER SIGNING A SWORNING AFFIDAVIT THAT HE DIDN'T HAVE ANYTHING TO DO WITH HIS CRIME'S TO THE D.A. OFFICE IN ORDER TO RECEIVE A BETTER PLEA BARGAIN BECAUSE HE WAS GUILTY AS CHARGE. COUNSEL FOR THE PETITIONER DIDN'T PROTECT THE PETITIONER 6TH AND 14TH AMENDMENTS OF THE UNITE STATES CONSTITUTION BECAUSE HE DID NOT OBJECT TO THE MATTER AT HAND OR FILE ANY MOTIONS TO MOVE THE UNJUST 252ND DISTRICT COURT TO DISMISS ALL CHARGE'S AGAINST THE PETITIONER BECAUSE HE WAS A INNOCENT PERSON IN THE MATTER. SEE, NEALY VS CABANA, 764 7.2D. 1173, (1985), AND EXHIBIT'S ONE AND TWO, AND MOTION TO REVOKE PROBATION PLEA OF TRUE AND SENTENCING PGS. 7-8). JAMES NEALY APPEALS FROM HIS CONVICTION AND LIFE SENTENCE FOR THE MURDER OF LEO DAVIS, NEALY CONTENDS THAT HIS TRIAL ATTORNEY FAILED TO SECURE THE TESTIMONY OF THREE PERSONS WHOSE TESTIMONY MIGHT HAVE ESTABLISHED AN ALIBI FOR HIM, THERE BY DEPRIVING HIM OF THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION BECAUSE THE TRIAL BOILED DOWN TO A SWEARING MATCH BETWEEN A PROSECUTION WITNESS, WHO ADMITTED COMMITTING THE CRIME, AND NEALY, WHO DENIED ANY PART IN IT, AND BECAUSE THE

MISSING TESTIMONY MIGHT HAVE AFFECTED THE JURY'S APPRAISAL OF THE TRUTHFULNESS OF THE STATE'S WITNESS AND ITS EVALUATION OF THE RELATIVE CREDIBILITY OF THE CONFLICTING WITNESSES, NEALY HAS STATED A CLAIM FOR INEFFECTIVE ASSISTANCE OF COUNSEL. WE, THEREFORE, REVERSE THE DECISION OF THE DISTRICT COURT DENYING NEALY'S PETITION FOR WRIT OF HABEAS CORPUS AND REMAND FOR, FOR ENTRY OF AN ORDER GRANTING HIM A NEW TRIAL. A SUBSTANTIAL BODY OF FIFTH CIRCUIT CASE LAW INSISTS, HOWEVER, THAT EFFECTIVE COUNSEL CONDUCT A REASONABLE AMOUNT OF PRETRIAL INVESTIGATION ALTHOUGH THE SCOPE OF THE REQUIRED INVESTIGATION IS A FUNCTION OF THE NUMBER OF ISSUES IN THE CASE, THE RELATIVE COMPLEXITY OF THOSE ISSUES, THE STRENGTH OF THE GOVERNMENT'S CASE AND THE OVERALL STRATEGY OF TRIAL COUNSEL. THIS CIRCUIT HAS RECOGNIZED THAT, AT A MINIMUM, COUNSEL HAS THE DUTY TO INTERVIEW POTENTIAL WITNESS AND TO MAKE AN INDEPENDENT INVESTIGATION OF THE FACTS AND CIRCUMSTANCES OF THE CASE. THIS DUTY IS REFLECTED IN THE AMERICAN BAR ASSOCIATION STANDARDS FOR CRIMINAL JUSTICE. AT A MINIMUM, COUNSEL HAS DUTY TO INTERVIEW POTENTIAL WITNESSES AND TO MAKE AN INDEPENDENT INVESTIGATION OF THE FACTS, AND CIRUMSTANCE'S OF THE CASE. U.S.C.A. CONST. AMEND. 6, AND PETITIONER'S COUNSEL'S FAILURE TO CONTACT POTENTIAL ALIBI WITNESS AND LOCATE WITNESSES WHO COULD HAVE CORROBARATED PETITIONER'S TESTIMONY WAS NOT PROFESSIONALLY REASONABLE. U.S.C.A. CONST. AMEND, 6. PETITIONER ADEQUATHEX ESTABLISHED THAT HE WAS PREJUDICED BY HIS COUNSEL'S FAILURE TO SECURE TESTIMONY. THE SCOPE OF OUR REVIEW IS GOVERNED BY STRICKLAND VS WASHINGTON.—STRICKLAND, THE SUPREME COURT NOTED THAT ALTHOUGH DISTRICT COURT FINDING ARE SUBJECT TO THE CLEARLY ERRONEOUS STANDARD OF FED. RULES. CIV. PROC. 52 (A) THE INEFFECTIVENESS INQUIRY (INVOLVE) MIXED QUESTIONS OF LAW AND FACT. THIS IS CONSISTENT WITH A LONG LINE OF FIFTH CIRCUIT CASES HOLDING THAT WHETHER A DEFENDANT HAS RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL IS A MIXED QUESTION OF FACT AND LAW RATH-

23.

ER THAN PURELY A QUESTION OF FACT. THE COURT MUST, THEREFORE, MAKE AN INDEPENDENT EVALUATION BASED ON THOSE SUBSIDIARY FINDINGS IN DETERMINING WHETHER COUNSEL'S REPRESENTATION SATISFIED THE STANDARDS DICTATED BY THE SIXTH AND FOURTEENTH AMENDMENTS, WE ARE REQUIRED TO MAKE OUR OWN DETERMINATION WHETHER BURDINE'S REPRESENTATION PASSES CONSTITUTIONAL MUSTER, AND DO NOT DEFER TO THE DISTRICT COURT CONCLUSION. IN STRICKLAND THE THE SUPREME COURT ENUNCIATED THE TWO-COMPONENT STANDARD TO BE APPLIED WHEN REVIEWING A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL. THE COURT HELD FIRST, THE DEFENDANT MUST SHOW THAT COUNSEL'S PERFORMANCE WAS DEFICIENT THIS REQUIRING SHOWING THAT COUNSEL WAS NOT FUNCTIONING AS THE COURT GUARANTEED THAT THE DEFENDANT BY THE SIXTH AMENDMENT. SECOUND, THE DEFENDANT MUST SHOW THAT THE DEFICIENT PERFORMANCE PREFORMANCE PREJUDICED THE DEFENSE THIS REQUIRES SHOWING THAT COUNSEL'S ERRORS WERE SO SERIOUS AS TO DEPRIVE THE PETITIONER OF A FAIR TRIAL, A TRIAL WHOSE RESULT IS RELIABLE UNLESS A PETITIONER MAKES BOTH SHOWING, IT CANNOT BE SAID THAT THE CONVICTION OR DEATH SENTENCE RESULTED FROM A BREAKDOWN IN THE ADVERSARY PROCESS THAT RENDERS THE RESULT UNRELIABLE. THE COURT STRESSED THAT THE PURPOSE OF THE CONSTITUTIONAL REQUIREMENT OF EFFECTIVE ASSISTANCE IS TO ENSURE A FAIR TRIAL, AND THAT THE BENCHMARK FOR JUDGING ANY CLAIM OF INEFFECTIVENESS MUST BE WHETHER COUNSEL'S CONDUCT SO UNDERMINED THE PROPER FUNCTIONING OF THE ADVERSARIAL PROCESS THAT THE TRIAL CANNOT BE RELIED ON AS HAVING PRODUCED A FAIR RESULT. SEE, 101 F.3D. 1069, REVERSED, AND CERTIORARS WAS GRANTED. ALSO SEE, STRICKLAND VS WASHINGTON, 466 U.S. 668, 104 S. CT. 2052, 2064, 80 L.ED. 2D. 674, (1984). THE EIGHTH AMENDMENT'S PROHIBIT AGAINST CRUEL AND UNUSUAL PUNISHMENT AND THE FOURTEETH AMENDMENT'S DUE PROCESS GUARANTEE THEREFORE FORBID HIS UNJUST CONVICTION. HE SUPPORTED THIS CLAIM WITH AFFIDAVIT TENDING TO SHOW THAT THE PETITIONER HADN'T COMMITTED THOSE'S CRIME'S

THE PETITIONER STATED HIS ACTUAL INNOCENCE CLAIM AND THE SUPPORTING AFFIDAVIT IN THE 252ND DISTRICT COURT, JEFFERSON COUNTY, TEXAS LAYNE WALKER, UNJUST JUDGE PRESIDING. SEE, HERRERA VS COLLINS, CITE AS 113 S. CT. 853, (1993). SEE, EXHIBIT'S ONE AND TWO. IF THE COURT OF CRIMINAL APPEALS DISAGREES WITH APPOINTED COUNSEL'S THEREIN, THEN THIS APPEAL SHOULD BE ACQUITTAL IN THE INTEREST OF JUSTICE.

RESPECTFULLY SUBMITTED,

WILLIE EUGENE HARDEMAN
TDCJ-ID #1891985
JESTER III UNIT
3 JESTER ROAD
RICHMOND, TEXAS 77406

NO.'S 10-10378, 10-10380, 10-10382,

FROM APPEAL NO'S 09-13-00467-CR
09-13-00468-CR
09-13-00469-CR

WILLIE EUGENE HARDEMAN                    IN THE COURT OF CRIMINAL
                    PETITIONER         X
VS                                     X          APPEALS
                                       X
THE STATE OF TEXAS                              AUSTIN, TEXAS


CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON FEBRUARY 12, 2015, A TRUE AND CORRECT COPY OF PETITIONER'S BRIEF WAS MAILED TO THE ATTORNEY'S FOR THE STATE BY U.S. FIRST CLASS MAIL ADDRESSED TO:

RODNEY D. CONERLY                    STATE PROSECUTING ATTORNEY
ASSISTANT DISTRICT ATTORNEY          P.O. BOX 12405
JEFFERSON COUNTY COURTHOUSE          AUSTIN, TEXAS 78711
1001 PEARL STREET, 3ND FLOOR
BEAUMONT, TEXAS 77701

Willie Hardeman
PETITIONER - PRO SE

I, WILLIE EUGENE HARDEMAN, TDCJ # 1891985, BEING PRESENTLY

28.

INCARCERATED IN THE JESTER III UNIT OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION IN RICHMOND, TEXAS, VERIFY AND DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING PETITIONER'S BRIEF IS TRUE AND CORRECT. EXECUTED ON THIS THE 12 DAY OF FEBRUARY 2015

Willie E Hardeman
PETITIONER - PRO SE
TDCJ-ID #1891985.

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4

I HEREBY CERTIFY THAT THIS BRIEF COMPLIES WITH THE REQUIREMENT OF TEX. R. APP. PROC. 9.4 (I) (2) (B) BECAUSE THERE ARE MANY WORDS IN THIS BRIEF.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, PETITIONER PRAY THAT THIS COURT GRANT THIS PETITIONER'S BRIEF, AND FOR SUCH OTHER AND FURTHER RELIEF AS THE COURT MAY DEEM APPROPRIATE.

RESPECTFULLY SUBMITTED,

WILLIE EUGENE HARDEMAN
TDCJ-ID #1891985
JESTER III UNIT
3 JESTER ROAD
RICHMOND, TEXAS 77406

27,

EXHIBIT'S

Copies 4.

EXHIBIT 7.
ORIGINAL

In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

---

NO. 09-13-00467-CR
NO. 09-13-00468-CR
NO. 09-13-00469-CR

---

**WILLIE EUGENE.HARDEMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause Nos. 10-10378, 10-10380, 10-10382**

---

**MEMORANDUM OPINION**

In three separate plea bargain agreements, Willie Eugene Hardeman,[1] a habitual offender, pleaded guilty to aggravated kidnapping, aggravated robbery, and burglary of a habitation in causes numbers 10-10378, 10-10380, and 10-10382, respectively. In each case, the trial court found the evidence sufficient to

---

[1]Willie Eugene Hardeman is referred to in the judgments as "Willie Eugene Hardeman AKA Willie E Hardeman[.]"

1

substantiate Hardeman's guilt, deferred further proceedings, placed Hardeman on community supervision for ten years, and assessed a $100 fine. Thereafter, the State filed an Amended Motion to Revoke Unadjudicated Probation. Hardeman pleaded true to violations of the conditions of his community supervision. Finding four of the alleged violations true in each case, the trial court granted the motions to revoke and sentenced Hardeman in each case to seventy-five years in prison, to be served concurrently.

Hardeman's appellate counsel filed briefs that present counsel's professional evaluation of the records and conclude the appeals are frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On April 25, 2014, we granted an extension of time for Hardeman to file a *pro se* brief in each case. Hardeman filed a *pro se* brief in response. The Court of Criminal Appeals has held that we need not address the merits of issues raised in *Anders* briefs or *pro se* responses. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Rather, an appellate court may determine that: (1) "the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error"; or (2) "arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

2

We reviewed the appellate records, and we agree with counsel's conclusion that no arguable issues support the appeals. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeals. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgments of conviction.[2]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on November 5, 2014
Opinion Delivered November 19, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

---

[2]Hardeman may challenge our decision in these cases by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

3

THE STATE OF TEXAS
COUNTY OF Jefferson County

AFFIDAVIT
MY NAME IS Damon Ards I WAS BORN ON THE DAY OF 1-3-1967 I AM 49 YEARS OF AGE AND MY SOCIAL SECURITY NUMBER IS 46338 111 7 I AM CURRENTLY INCARCERATED IN JEFFERSON COUNTY, TEXAS, AT THE JEFFERSON COUNTY CORRECTIONAL FACILITY LOCATED IN BEAUMONT, TEXAS 77720. UNDER PENALTY OF PERJURY AND WITHOUT REWARD COERCION, OR THREAT, I FREELY AND VOLUNTARILY GIVE, STATE, AND AVER THAT;

that Willie Hardeman had nothing to do with the 0901-10 Aggravated Robbery, Burglary (Habitation) Aggravated Kidnapping

_Damon Ards_
AFFIANT

# UNSWORN DECLARATION

I, Damon Aade , JCSO ID.# 297736

[PRINT NAME]

BEING PRESENTLY INCARCERATED IN THE JEFFERSON COUNTY
CORRECTIONAL FACILITY IN JEFFERSON COUNTY, TEXAS,
DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING
IS TRUE AND CORRECT.

EXECUTED THIS DATE: 4/24/2021

SIGNATURE: Damon Aade

CIVIL PRACTICE AND REMEDIES CODE,TITLE 6,CHAPTER132,
VTCA:

A WRITTEN UNSWORN DECLARATION MADE AS
PROVIDED BY THIS CHAPTER BY AN INMATE IN A COUNTY JAIL
MAY BE USED IN LIEU OF AN OATH REQUIRED TO BE TAKEN
BEFORE A NOTARY PUBLIC.

P R O C E E D I N G S

THE COURT: Willie Hardeman. You doing okay today, sir?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. You are Mr. Hardeman. Let's go through this real quick. You have been indicted for three different cases, okay?

THE DEFENDANT: Yes, sir.

THE COURT: An aggravated kidnapping, alleged -- an aggravated robbery alleged, and a burglary of a habitation alleged. First one we'll talk about is the aggravated kidnapping, okay? And again, I don't know anything about these cases, so I am not judging you. I am not saying anything. If you want a trial, we are going to give you a trial. I want to make sure you fully understand all of your rights before we get to that point.

Now, under our law aggravated kidnapping as indicted is a first degree felony, okay? What's the range of punishment for a first degree felony?

THE DEFENDANT: 5 to 99.

THE COURT: 5 to 99 or?

THE DEFENDANT: Or life.

THE COURT: Or life, and if a fine is assessed is cannot exceed how much? $10,000, okay. Now,

it's also alleged in this indictment -- if a jury finds you not guilty of this, we just go to your next case, all right? If they find you guilty, that's when you got to start taking a look at what's appropriate punishment. Now, from the jury -- well, how many prior felony convictions do you have, sir?

THE DEFENDANT: About five.

THE COURT: I'm glancing through this but two of these are real, three of these are real, four of these are real -- long story short, if the jury believes that two of your prior second degree sequenced felonies are true, then that's going to increase your punishment range to what?

THE DEFENDANT: 25 to life.

THE COURT: Minimum 25, just upon a jury finding you guilty, minimum 25 years up to how much?

THE DEFENDANT: Life.

THE COURT: Life, all right? So do you understand the punishment range in that case?

And 10380 they indicted you for aggravated robbery, okay? Under our law aggravated robbery is a what? What's the degree felony?

THE DEFENDANT: 5 to 99.

THE COURT: Okay. It's a first degree felony as alleged. If they believe that one of your --

or that two of your prior and sequenced felony convictions are true then that's a habitual as well. So what's the range of punishment for habitual offender?

THE DEFENDANT: 5 to 99 to life.

THE COURT: No, 25 minimum up to life. So that's two. That's two potential minimum 25 up to life, and then 10382 is a burglary of a habitation, okay? What degree felony is burglary of a habitation?

THE DEFENDANT: 2 to 20.

THE COURT: 2 to 20 on the burglary of a habitation. Now, if a jury believes that your prior history reveals that you have got two second degree felony convictions and they are sequenced, then what's your range of punishment?

THE DEFENDANT: 25 to life.

THE COURT: Is that what it is?

MR. THOMAS: Uh-huh.

THE COURT: You-all comfortable over there?

MR. BURBANK: Second degree.

MR. THOMAS: Second degree with habitual.

THE COURT: I agree with that. I'm just asking you if you are comfortable with that.

MR. BURBANK: Unless they have changed it.

THE COURT: You got three cases that you can be habitual on each one. So the worst thing that can

EXHIBIT 13.

ORIGINAL 7

Copies 4,

happen to you is what?

THE DEFENDANT: Can happen?

THE COURT: What's the worst thing that can happen to you?

THE DEFENDANT: I guess I can get life, but...

THE COURT: You can get three life's.

THE DEFENDANT: Yeah, but, you know, I mean, you know, they talking about you. They say you are a hard man, but in a way you kind of fair, and he have an affidavit that man signed and then he told a lie to him. I didn't do nothing. You can ask the other guy that was at the house. I didn't.

THE COURT: Do you have an affidavit that says he didn't do anything?

MR. BURBANK: Yes.

THE COURT: Did you read the affidavit?

MR. THOMAS: I did not. I have an affidavit from the co-defendant that inculpates.

MR. BURBANK: I think I sent --

THE DEFENDANT: So somebody is perjuring.

THE COURT: No, I understand. And to answer your question, I am hard on people that I need to be hard on. I believe in holding people accountable for their criminal conduct.

THE DEFENDANT: Yeah, but, I mean, a man can prove he didn't do nothing.

THE COURT: I agree. That's what we are talking about. That's why I want to find out if you want a trial or not.

THE DEFENDANT: Yes, sir.

MR. THOMAS: I have looked at that affidavit and still just does not square with the facts that even the police officers observed take place that day. So that's why I don't discredit the statement.

THE COURT: You said there is a co-defendant?

MR. THOMAS: There is. A co-defendant was involved in this. He already pled guilty and was given a statement. He has been bench warranted back to testify.

THE COURT: Is he going to say bad things about Mr. Hardeman?

MR. THOMAS: He is.

THE COURT: Do you know that?

THE DEFENDANT: Yes, sir.

THE COURT: I'm not saying they are right or wrong.

THE DEFENDANT: The statement changes then something ain't right.

THE COURT: That's going to be a question

for the jury. I am not passing on the --

THE DEFENDANT: I know he lied because he told them that I had a mental thing I was crazy, and that lawyer I had took like a month, made me see a psychiatrist and the psychiatrist said I wasn't crazy even though I had a stroke. Sometimes I can't remember and sometimes I have trouble speaking, but I didn't do it.

THE COURT: I understand that.

THE DEFENDANT: And they told me we was going on some dope, and when we got out there he pulled a pistol out on that dude. And I said, Why are you doing that man like that? What's wrong with you? And he told me to shut up and he start kicking in the door, and once he kicked in the door he told me to come in. I really wanted to run, but I couldn't run because the other dude in the car. They had tried to do my girlfriend and her kids' harm and he told me all I had to do was score some dope for them. I didn't know nothing about it. Well -- I don't know. One gun from here and the other dude he had already got a gun. So, you know, I ain't -- the only reason I took the gun so them little kids wouldn't get hurt, and then that dude in the car -- I jumped out the window. You know, I guess I fell out the window. I didn't jump out. I fell out because I'm paralyzed on one

side, and I was going to go and kill that dude in the car because that's the one that threatened me, but then he said if I said anything they were still going to do the girl. So I ain't too much worried about them, but I want to bring that dude back because I want him to perjure himself in court because he lie on me.

THE COURT: Are you talking about the guy that's already got 10 years?

Yes, sir.

THE COURT: He is here. All right. So you want a trial in each one of your cases?

THE DEFENDANT: Yes, sir.

THE COURT: What is the offer, for the record?

MR. BURBANK: The offer is 10 years, Your Honor, in TDC.

THE COURT: 10 years what?

MR. BURBANK: 10 years TDC.

THE COURT: We'll put you back in there. If you have any more questions let me know before we get started, okay?

MR. BURBANK: Oh, for the record, does he accept or reject that offer?

THE COURT: Do you accept or reject that offer of 10 years?

THE DEFENDANT: No, sir. I didn't do nothing.

THE COURT: You reject it?

THE DEFENDANT: Yes.

THE COURT: Okay. Good deal.

MR. BURBANK: Okay.

THE COURT: All right. I will visit with you-all.

(Brief Recess)

THE COURT: Mr. Burbank, are you ready?

MR. BURBANK: Yes, sir. If I may put something on the record.

THE COURT: Yes, sir. Go right ahead.

MR. BURBANK: We are back on the record in reference to your cases, Mr. Hardeman; is that correct?

THE DEFENDANT: Yes.

MR. BURBANK: Okay. And since we have been in front of this Court the State made a new offer and that is to put you on probation for 10 years deferred probation; is that correct?

THE DEFENDANT: Yes.

MR. BURBANK: And we have discussed this fully; is that correct?

THE DEFENDANT: Yes.

MR. BURBANK: You know today you have a

perfect right to have a jury trial in each one of those cases?

THE DEFENDANT: Yes.

MR. BURBANK: And today is trial day. Do you understand that?

THE DEFENDANT: Uh-huh.

MR. BURBANK: You have decided that you would like to take now the offer of the State; is that correct?

THE DEFENDANT: Yes.

MR. BURBANK: And that is 10 years' deferred probation on each cases

THE DEFENDANT: Yes.

MR. BURBANK: Now, you are making this decision voluntarily?

THE DEFENDANT: Yes.

MR. BURBANK: No one made any threats or promises to you, correct?

THE DEFENDANT: No, sir.

MR. BURBANK: And you fully understand everything that you have said or you have signed in reference to these plea papers, correct?

THE DEFENDANT: Yes.

MR. BURBANK: You have no more questions of me. I fully answered all your questions, right?


# Progress Notes

3. Depression
4. Medical issues (HTN, HPLD, DM, Hep C, s/p CVA 2009)

Hisotry of Present Illness:
Patient seen as walk-in at outpatient clinic yesterday. Pt left appointment to "smoke" but then never returned to clinic. Pt received phone call from probation officer that upset him, and according to patient, this phone call is why he did not report back to clinic. Rather he reported to the ED later that evening stating he may hurt himself if it becomes too much and he doesn't get some rest.

Patient has long h/o of polysubstance abuse and depression. States that for the past three years he has been "feeling down" which he relates to residual symptoms from stroke.

Mental Health Assessment:
Appearance:appropriate dress/hygiene
Demeanor:pleasant, cooperative
Speech: somewhat slurred (secondary to stroke)
Mood:"Feels like everything is closing in, needs time away from others"
Psychomotor agitation/retardation:denies, non-observed (mild right HP secondary to stroke)
Affect: reactive
Thought Process: hard to follow patient at times, unsure if tangential, or patient just has a hard time communicating and interpreting questions
Thought Content: denies AVH, delusions, paranoia. Very focused on death of all the women in his life (mother, grandmother, wife, daughter, friend from rehab). As well as opinions/thoughts of probation officer.
Insight/Judgement: good
SI/HI: no SI/HI during interview
Sleep: no complaints
Appetite: no complaints
Interests: none illicited
Concentration: reports memory issues since stroke in 2009
Energy Level: no complaints
Feelings cf guilt/worthlessness/hopelessness: denies, but pt does "feel like everything is closing in"
Pain: denies

Social History:
        Family/friend support: female cousin Elaine (home 817-457-2899), on her way from california
        Education: 8th grade, completed GED in 1989
        Occupation: h/o maintenance work
        Current Stressors: relationship w/ probation officier "thinks he's playing games, not really having SI." Death of all women he was close to in his life, unresolved grief.
Ethanol use: denies

---

**PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)**

HARDEMAN,WILLIE EUGENE
1518 EAST LANCASTER
FORT WORTH, TEXAS  76102

**VISTA Electronic Medical Documentation**

Printed at NORTH TEXAS HCS

Regarding Mr. Hardeman's probation officer, Elaine only knows that the officer has been giving him problems, and that he would like to switch officers. She does not know more details.

Elaine said that he is anxious about wanting to go back to school, as he "did some junior college" and may only have a few units left to graduate, though she is not sure. She says he wants to work afterwards.

As Mr. Hardeman's wife and daughter passed away, he has no one else really but her to count on for support. Their finances are stable.

Elaine says she never had any problems with Mr. Hardeman while at home, and is ready to receive Mr. Hardeman at anytime he is ready to be discharged.

/es/ JASON R PAI

Signed: 07/24/2013 12:40

Receipt Acknowledged By:
07/25/2013 16:44          /es/ CELESTE E VALENCIA

07/24/2013 14:05          /es/ NASIR ZAKI, MD
                          STAFF PSYCHIATRIST

LOCAL TITLE: MH NURSE INPT ASSESSMENT/PLAN OF CARE
STANDARD TITLE: MENTAL HEALTH NURSING ADMISSION EVALUATION NOTE
DATE OF NOTE: JUL 24, 2013@12:07     ENTRY DATE: JUL 24, 2013@12:07:12
     AUTHOR: LAMELA,LEONIDA O     EXP COSIGNER:
     URGENCY:                          STATUS: COMPLETED

Inpt Nursing Assessment
Assessment Time: Jul 24,2013@12:05
PSYCHOLOGICAL

General Appearance: Poor hygiene, wears hospital pajamas

Sleep patterns: rested upon awakening

Affect: Ojective:
appropriate
Mood: Subjective: Patient's description: "Not so good"

Eye contact: normal

Speech: normal (coherent)

Behavior: cooperative
Thought process/content: thoughts organized, able to process information

PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)

HARDEMAN,WILLIE EUGENE
1518 EAST LANCASTER
FORT WORTH, TEXAS   76102

**VISTA Electronic Medical Documentation**

Printed at NORTH TEXAS HCS

Pt avoids/declines to give a urine sample after many cups of water and many requests. Sitter reports he used restroom but did not provide a sample."

also interesting to note similar pattern of " Easily engageable, but becomes irritable when admission plans are not of his liking." ( at the time of discharge)

DX : malingering
      antisocial personality disorder
      polysubstance dependence

Plan : discharge as he is being gamy, no plans of suicide, meds on board, was in prosthetic clinic indicating interest and desire for better future..
Discharge

/es/ NEELIMA PRADHAN

Signed: 07/30/2013 03:48

LOCAL TITLE: MH TELEPHONE NOTE
STANDARD TITLE: MENTAL HEALTH TELEPHONE ENCOUNTER NOTE
DATE OF NOTE: JUL 27, 2013@11:09        ENTRY DATE: JUL 27, 2013@11:09:41
      AUTHOR: LAMELA,LEONIDA O    EXP COSIGNER:
      URGENCY:                                STATUS: COMPLETED

Place a follow up call to this veteran and able to speak with his cousin Elaine who says that patient is doing fine and she talked with the Veteran before the RN call. Advised her to tell the Veteran to call the VA for any problem, phone # was given.

/es/ LEONIDA O LAMELA
RN
Signed: 07/27/2013 11:13

LOCAL TITLE: MH SUICIDE RISK ASSESSMENT
STANDARD TITLE: SUICIDE RISK ASSESSMENT NOTE
DATE OF NOTE: JUL 25, 2013@16:14        ENTRY DATE: JUL 25, 2013@16:15:02
      AUTHOR: VALENCIA,CELESTE E    EXP COSIGNER:
      URGENCY:                                STATUS: COMPLETED

The supervising practitioner for this episode of care, Dr. Zaki, was present during the interview and examination of this patient and agrees with my assessment and plan.
-------SUICIDE RISK ASSESSMENT-------

---

**PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)**

HARDEMAN,WILLIE EUGENE
1518 EAST LANCASTER
FORT WORTH, TEXAS   76102

**VISTA Electronic Medical Documentation**

Printed at NORTH TEXAS HCS

MH
3 copie 4

CRITICAL

deficits s/o CVA. Speech wnl of r/t/v. Nonpressured. Nonlabile. Mood: depressed
Affect: full, mood congruent.
Sensorium and Cognition: alert and oriented x3. Thought Process: coherent,
logical and goal directed. No FOI/LOA.
Thought Content: vague SI. Formulates plan "to jump" after brief contemplation
or to shoot himself although he does not have access to one and notes he is a
convicted felon and that would definitely violate his probation. No violent
ideation, intent or plan. No AH/VH/delusions. Concentration: Intact for
conversation. Memory: recent intact. He has self reported difficulty with long
term memory.
Intelligence: average. J/I: fair.

INITIAL DSM-IV DIAGNOSIS
------------------------
-------Axis I-------
Depression NOS    *
polysubstance dependence    *


-------Axis II Personality Disorders-------
   antisocial traits   *

-------Axis III Current Medical Conditions-------
see cprs problem list


-------Axis IV Current Psychosocial Stressors-------
Housing, financial, unemployed, primary support, physical limitations from CVA

-------Axis V GAF score (current level of functioning)-------

40


-------INITIAL IMPRESSION AND BIOPSYCHOSOCIAL FORMULATION-------
Mr. Hardeman is a 56 y.o. AA male vet with a hx of depression, CVA with R
hemiparesis and polysubstance dependence.  Today reporting vague SI and
reporting inconsistent information when compared with prior CPRS notes. No prior
acute psych admission, unclear what precipitants brought him here tonight.
Vet has limited social support, however he is skilled at utilizing community and
VA resources. Vet is on probation until 2022 for robbery. He has served 19 yrs.
in prison for theft and possession of narcotics.


Preliminary Problem list:
--------------------------
depression
r/o malingering
Insomnia

| PATIENT NAME AND ADDRESS (Mechanical imprinting, if available) | VISTA Electronic Medical Documentation |
|---|---|
| HARDEMAN, WILLIE EUGENE<br>1518 EAST LANCASTER<br>FORT WORTH, TEXAS  76102 | Printed at NORTH TEXAS HCS |

urine sample that he was hesitating on admission.

His bag was stolen yesterday, stating people take advantage of his physical disability. He lives with his cousin in Arlington, who is out of town till tomorrow. Stating, 'I need some time to get away from stress". He will tell us tomorrow if he is ready to go. Currently denies any SI, HI . Vet does not own a Firearm. He denied sx of psychoses or mania.

A/P: This is a 56 yo  with h/o Polysubstance abuse vs dep and depression NOS who presents on his own to the ED reporting vague SI & inconsistent information as to what  brought him to the hospital. He  has limited social support, however he is skilled at utilizing community and VA resources. Vet is on probation until 2022 for robbery. He has served 19 yrs. in prison for theft and possession of narcotics.

1.Safety: Currently denies SI, continue q 15 minutes routine safety checks.

2.Polsubstance dep: Pt denies using any more .Went through two Substance abuse treatment in Houston in 2009 and at this VA in Nov 2012.

3.Depression NOS: Continue Zoloft 200 mg q am, Trazodone 100 mg q pm.  Rsik /benefits discussed. Will recommend his out tp team to offer counseling for unresolved grief.

4.Medicval issues: Hep C, DM,HTN, HLD, S/P CVA: Continue current out pt meds.Pt to be examined by the hospitalist for a physical.

5.Discharge planning:  He lives with his cousin in Arlington. Received NSC VA pension $1022/month. He last worked in 2009 environmental cleanup. He is on probation for robbery until 2022. He checks in  with his probation officer once month. Likely discharge  in a day or two. Will appreciate SW  assistance in discharge planning.

/es/ NASIR ZAKI, MD
STAFF PSYCHIATRIST
Signed: 07/23/2013 11:39

Receipt Acknowledged By:
07/24/2013 09:39          /es/ CHANCE W HENDRIX

LOCAL TITLE: MH EMERGENCY DEPT MEDICAL CLEARANCE NOTE

| PATIENT NAME AND ADDRESS (Mechanical imprinting, if available) | VISTA Electronic Medical Documentation |
| --- | --- |
| HARDEMAN,WILLIE EUGENE<br>1518 EAST LANCASTER<br>FORT WORTH, TEXAS   76102 | Printed at NORTH TEXAS HCS |

------HISTORY OF CURRENT ILLNESS-------
56 year old AAM, non-combat vet, homeless, with h/o depression, cognitive disorder, s/p CVA, polysubstance abuse who presents on his own to the ED reporting vague SI. He presented to 3 clinics prior to coming to the ED, but did not discuss SI with anyone. He walked in to Platinum team today, but did not wait to be seen. Notes indicate he left to smoke and did not return. He states his probation officer called while he was waiting and that conversation upset him causing him to leave clinic. Vet described unresolved grief, having his bag stolen yesterday, being taken advantage of by people due to his disability and loss of prior function as major stressors. He does not appear to have a plan for SI, but reported he would jump from a bride after brief contemplation. He denies HI or AVH. Poor sleep, energy and motivation. He was vague, talkative and very tangential most of the time. Did not offer appropriate information when discussing similar subject matter such as h/o extensive drug use with rehab when asked about current drug use. Denies substance abuse. Denies being homeless although his wheelchair and the attached belongings appear similar to other homeless veterans. Vet does not own a firearm. He denied sx of psychoses or mania.

Pt intially declined blood draw for medical clearance stating "I'm a Jehovah Witness and blood is the source of all life." He could not name the church he attended on Sunday. Did not mention "Kingdom Hall", but told provider he knows how to find it. Agreed to his blood specimen after Dr. Dietrich re-explained need for medical clearance. Pt wanted to know specifically what would and would not be tested.

Pt avoids/declines to give a urine sample after many cups of water and many requests. Sitter reports he used restroom but did not provide a sample.

-------PAST PSYCHIATRIC HISTORY-------
Prior Outpatient: Substance abuse treatment in Houston in 2009 and at this VA in Nov 2012.

Psychotherapy: with Dr. Dodds for smoking cessation

Hospitalizations: only for rehab

Medication Trials: Sertraline and trazodone

Contact with previous Mental Health Provider(s):
currently seen by Platinum team - walked in today, but left prior to being seen; prior 5N maintenance groups

Pulled forward from Aug 2012 history by RN Fitzgerald:

---

**PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)**

HARDEMAN, WILLIE EUGENE
1518 EAST LANCASTER
FORT WORTH, TEXAS  76102

**VISTA Electronic Medical Documentation**

Printed at NORTH TEXAS HCS



Physical limitations from CVA
Bereavement
Legal problems
Self reported hx of Hepatitis C

Preliminary Plan of Care:
------------------------

1. Medical clearance prior to admission on 3S
2. Admit to 3s for safety and stabilization based on fact pt presented to Platinum Team clinic with an unknown need/complaint.
3. q15min safety checks.
4. will order all essential outpt meds that have been reordered by pt in the last 8 weeks.
5. Obtain UDS - pt has avoided/refused to give one in the ER. Suspect relapse and pt is likely concerned results may be reported to probation officer.


/es/ KIMBERLY M DOBBINS, MD
Staff Physician
Signed: 07/23/2013 02:44

---

LOCAL TITLE: EMERGENCY DEPT CLINICIAN NOTE
STANDARD TITLE: PHYSICIAN EMERGENCY DEPT NOTE
DATE OF NOTE: JUL 22, 2013@22:18      ENTRY DATE: JUL 22, 2013@22:18:36
     AUTHOR: DIETRICH,MARTIN F     EXP COSIGNER:
     URGENCY:                           STATUS: COMPLETED

Time Seen:  Jul 22,2013@22:18

Historian:
Patient

Chief Concern:
Mental Health (Suicidal, Homicidal, Depression, Substance Abuse)

History of Present Illness:
56 year old AAM, homeless, with h/o depression, cognitive disorder, polysubstance abuse who presents with expression of possible suicidal ideation. I have interviewed the patient and he states that he will need a couple of days of rest or it may get too much for him and he may "hurt" himself. He denies any specific intent or plan. He does not have access to weapons. No previous history per patient. He denies blood draws and other somatic evaluation. Denies drug or alcohol use but refuses to be tested.

Review of Systems:
All systems negative except:

---

PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)

HARDEMAN,WILLIE EUGENE
1518 EAST LANCASTER
FORT WORTH, TEXAS  76102

**VISTA Electronic Medical Documentation**

Printed at NORTH TEXAS HCS

DATE OF NOTE: AUG 08, 2013@14:36      ENTRY DATE: AUG 08, 2013@14:36:14
    AUTHOR: SETHUPATHI,ANANDHI    EXP COSIGNER:
    URGENCY:                          STATUS: COMPLETED

Pt came in as walk in today stating that he needs to see the SW because he wants
to convey a message to the judge, and they will not let him. Pt reports being
homeless, and using drugs. Refused rehab options for substances.
appt to see SW today

/es/ ANANDHI SETHUPATHI, M.D.
Physician
Signed: 08/08/2013 14:38

---

LOCAL TITLE: MH ATTENDING NOTE
STANDARD TITLE: MENTAL HEALTH ATTENDING NOTE
DATE OF NOTE: JUL 25, 2013@13:55      ENTRY DATE: JUL 25, 2013@13:55:35
    AUTHOR: ZAKI,NASIR              EXP COSIGNER:
    URGENCY:                          STATUS: COMPLETED

    Chart reviewed, patient examined and management discussed with the IDTT.

    This is a 56 yo  with h/o Polysubstance abuse vs dep and depression NOS
who presents on his own to the ED reporting vague SI. Admitted to 3 S for
safety/stabilization.

    Patient  seen in team rounds today. Per staff, no acute events over
night. Pt said his mood is still sad because of his situation.  Heis eating well
and sleeping failry ok. Getting along well with the  staff and other patients.
He is trying to get some help and aware that he has violated  his probation and
he has to deal with the consequences. He will meet with the PO for further
advice. Veteran is recommended to go to AA & NA meetings. Currently denies any
SI, HI . Vet does not own a Firearm.
    Pt verbalized positive plans for the future and stated that he wants to
remain compliant with his treatment plan and maintain sobriety from abusing
illegal drugs and Etoh. He also stated that if he were to feel depressed or
suicidal/ homicidal again he would seek help immediately. All disciplines of the
team concur that the pt is not suicidal, homicidal, psychotic or manic and as
such is not a danger to self or others. He is medically stable and appears to be
at his baseline from a psychiatric perspective. It was therefore decided to d/c
pt today. .

    Advice to continue Zoloft 200 mg q am, Trazodone 100 mg q pm.  Rsik
/benefits discussed. Will recommend his out pt team to offer counseling for
unresolved grief over the death of several family members in the past. .
    -->Medicval issues: Hep C, DM,HTN, HLD, S/P CVA: Continue current out pt

---

PATIENT NAME AND ADDRESS (Mechanical imprinting, if available) | **VISTA Electronic Medical Documentation**

HARDEMAN,WILLIE EUGENE
1518 EAST LANCASTER
FORT WORTH, TEXAS   76102 | Printed at NORTH TEXAS HCS

EXHIBIT 3, /
ORIGINAL

Recurrent falls: Circumstances of Fall-
  Patient injury -Yes
  Treatment required for injury-No
Nurse Fall Risk Screen
 Information on gait/balance problems,lower limb problems,medications
and vision changes from patient report and/or nurse's observation(s).


 The educational handout; Fall Prevention at Home, developed by the
 National Center for Patient Safety, has been provided to the patient.

D Was in day room in wheelchair watching TV. He needs a shower and states he
will take one tonight. Denies he will need assistance. He finally provided urine
sample after being strongly encouraged and lots of water. Urine sent to lab for
drug tox screen. He has ideas of suicide with no plan. He denies SI, HI, and
AVH. He is stressed by his legal issues and parole officer.
A Suicidal ideation, no plan
P Provide secure and supportive environment, Monitor for medication
effectiveness/complications. Provide assistance for ADLs as needed.

/es/ CHRYSTYNA A. REYMANN, RN
NURSE MANAGER TCU-B
Signed: 07/23/2013 15:42


 LOCAL TITLE: MH INPT NOTE
STANDARD TITLE: MENTAL HEALTH INPATIENT NOTE
DATE OF NOTE: JUL 23, 2013@11:03    ENTRY DATE: JUL 23, 2013@11:03:05
    AUTHOR: PAI,JASON R    EXP COSIGNER:
    URGENCY:        STATUS: COMPLETED

MS3 MH Inpatient Note

Subjective:
    Mr. Hardeman is a 56 yo aam living with his cousin Elaine, with history
of depressive disorder, polysubstance abuse, cognitive disorder, Hep C, DM Type
II, and a stroke on "right side" in 2009. He states that he has had memory
troubles especially with names and dates since his stroke. He indicates he takes
his medicines, including sertraline and trazodone. When asked why he was here,
he reports that he was thinking of suicide, feeling "everything closing in", and
needing time away from "all the stress". When asked why he came to MH walk-in
clinic, but left and never returned, and then came to the ER, he responded by
mentioning that his Probation officer in Beaumont didn't believe he had thoughts
of suicide. He indicates that he has been receiving therapy with Platinum Team,
and also on "Pine street" where he also receives rehab treatment for substance
abuse. He reports that he doesn't drink, and has been clean for 45 days from
weed and cocaine. He has been in rehab "2 times maybe". Mr. Hardeman reports
problems with bringing up his past in therapy. He states that any woman close to

PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)

HARDEMAN,WILLIE EUGENE
1518 EAST LANCASTER
FORT WORTH, TEXAS 76102

**VISTA Electronic Medical Documentation**

Printed at NORTH TEXAS HCS

him has died, including his grandmother, mother, wife, daughter, and friend in rehab. He feels that he has never really dealt with this issue until now. When asked how long he has been seeing the therapist, Mr. Hardeman says he does not understand the question.

Objective:

Vitals:
BP: 122/67 (07/23/2013 05:56)
TEMP: 96.3 F [35.7 C] (07/23/2013 05:56)
RESP: 22 (07/23/2013 05:56)
PULSE: 81 (07/23/2013 05:56)
WEIGHT: 200 lb [90.9 kg] (07/22/2013 21:18)
HEIGHT: 74 in [188.0 cm] (07/22/2013 21:18)
PAIN: 0 (07/22/2013 21:18)
BMI: 26

Active Inpatient Medications (excluding Supplies):

| | Active Inpatient Medications | Status |
|---|---|---|
| 1) | ACETAMINOPHEN TAB   650MG PO Q4H PRN for pain | ACTIVE |
| 2) | ALUM,MAG HYDROX/SIMETHICONE SUSP,ORAL   15ML ALOH/MGOH/SIMTH XTRA STRENGTH LIQ 30ML PO Q2H PRN AS NEEDED INDIGESTION | ACTIVE |
| 3) | ASPIRIN TAB   325MG PO QDAILY | ACTIVE |
| 4) | BENZTROPINE INJ   1MG/1ML IM Q2H PRN for eps | ACTIVE |
| 5) | BENZTROPINE TAB   2MG PO Q2H PRN   For EPS. NTE 6mg/24H. May give IM. | ACTIVE |
| 6) | HALOPERIDOL INJ,SOLN   5MG/1ML IM Q2H PRN for agitation | ACTIVE |
| 7) | HALOPERIDOL SOLN,ORAL   5MG/2.5ML PO Q2H PRN for severe agitation/psychosis. NTE 20mg/24h. May give IM. | ACTIVE |
| 8) | LISINOPRIL TAB   5MG PO QAM | ACTIVE |
| 9) | LORAZEPAM INJ   2MG/1ML IM Q2H PRN for anxiety | ACTIVE |
| 10) | LORAZEPAM TAB   2MG PO ONCE PRN For severe agitation only. Give,then call MD. May give IM. | ACTIVE |
| 11) | METFORMIN TAB,ORAL   500MG PO BID | ACTIVE |
| 12) | MILK OF MAGNESIA SUSP,ORAL   30ML MAGNESIUM HYDROXIDE 405MG/5ML SUSP ML PO BID PRN FOR CONSTIPATION, NTE 60ml/24h | ACTIVE |
| 13) | SERTRALINE TAB   200MG PO QAM | ACTIVE |
| 14) | SIMVASTATIN (ZOCOR) TAB   40MG PO AT BEDTIME | ACTIVE |
| 15) | TRAZODONE TAB   100MG PO AT BEDTIME | ACTIVE |

Mental Status Exam:
Appearance:            Appropriate in hospital attire, somewhat dishevelled

---

PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)

HARDEMAN,WILLIE EUGENE
1518 EAST LANCASTER
FORT WORTH, TEXAS  76102

**VISTA Electronic Medical Documentation**

Printed at NORTH TEXAS HCS

EXHIBIT 5
ORIGINAL

meds.

    -->Dispo:  He lives with his cousin in Arlington. Received NSC VA
pension $1022/month. He last worked in 2009 environmental cleanup. He is on
probation for robbery until 2022. He checks in  with his probation officer once
month. See SW discharge note and discharge summary for more details.

/es/ NASIR ZAKI, MD
STAFF PSYCHIATRIST
Signed: 07/25/2013 14:04

LOCAL TITLE: MH ATTENDING NOTE
STANDARD TITLE: MENTAL HEALTH ATTENDING NOTE
DATE OF NOTE: JUL 24, 2013@14:06     ENTRY DATE: JUL 24, 2013@14:06:36
       AUTHOR: ZAKI,NASIR          EXP COSIGNER:
       URGENCY:                         STATUS: COMPLETED

        Chart reviewed, patient examined and management discussed with the IDTT.

        This is a 56 yo  with h/o Polysubstance abuse vs dep and depression NOS
who presents on his own to the ED reporting vague SI. Admitted to 3 S for
safety/stabilization.

        Patient  seen in team rounds today. Per staff, no acute events over
night. Pt said his mood is still low . He said his probation officer believed he
was trying to violate his probation. Toady , patient admitted smoking crack once
before coming to the hospital ( UDS + for cociane). He  was clean for 45
days before that. We asked what we could do for him, and he said he'd like a
couple more days of rest, and then he'd be able to face his problems. He said
that his cousin would be back at home tomorrow, although yesterday he said she
would be back home today. He said he'd like to wait until she returned before he
went home. We suggested a shelter, but he said it was a problem for him
physically. He would like to get all his meds because his bag was stolen before
coming here. Currently denies any SI, HI . Vet does not own a Firearm.

        Cooperative, alert, fair hygiene, good eye contact. No invol movements
noted. Spech; slow , dysarthric. Mood ;"depressed".  Affect; calm. No overt
psychosis or mania. Denies any SI,HI. Insight and judgement; fair.

        A/P: This is a 56 yo  with h/o Polysubstance abuse vs dep and depression NOS
who presents on his own to the ED reporting vague SI & inconsistent information
as to what  brought him to the hospital. He  has limited social support, however

---

**PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)**

HARDEMAN,WILLIE EUGENE
1518 EAST LANCASTER
FORT WORTH, TEXAS   76102

**VISTA Electronic Medical Documentation**

Printed at NORTH TEXAS HCS

he is skilled at utilizing community and VA resources. Vet is on probation until 2022 for robbery. He has served 19 yrs. in prison for theft and possession of narcotics.

1.Safety: Pt denies any SI, continue q 15 minutes routine safety checks.

2.Polsubstance dep: Claims to be sober x 45 days, admits smoking one hit of cocaine before coming here. .Went through two Substance abuse treatment in Houston in 2009 and at this VA in Nov 2012.

3.Depression NOS: Continue Zoloft 200 mg q am, Trazodone 100 mg q pm.  Rsik /benefits discussed. Will recommend his out pt team to offer counseling for unresolved grief.

4.Medicval issues: Hep C, DM,HTN, HLD, S/P CVA: Continue current out pt meds.Pt to be examined by the hospitalist for a physical.

5.Discharge planning:  He lives with his cousin in Arlington. Received NSC VA pension $1022/month. He last worked in 2009 environmental cleanup. He is on probation for robbery until 2022. He checks in  with his probation officer once month. Likely discharge  in a day or two. Will appreciate SW  assistance in discharge planning.

/es/ NASIR ZAKI, MD
STAFF PSYCHIATRIST
Signed: 07/24/2013 14:18

  LOCAL TITLE: MH MEDICATION REVIEW NOTE
STANDARD TITLE: MENTAL HEALTH MEDICATION MGT NOTE
DATE OF NOTE: JUL 23, 2013@10:41     ENTRY DATE: JUL 23, 2013@10:42:32
     AUTHOR: FLINCHUM,MEGAN L .    EXP COSIGNER: MATHYS,MONICA L
     URGENCY:                          STATUS: COMPLETED

     *** MH MEDICATION REVIEW NOTE Has ADDENDA ***

HARDEMAN,WILLIE EUGENE is an 56-year-old AAM, non-combat veteran, w/ a h/o depression, polysubstance abuse, and cognitive decline since right-sided stroke in 2009. Patient recently homeless, but currently reports living in Arlington on his VA-based income (not SC).

Problem list:
1. Safety
2. Polysubstance abuse

---

**PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)**

HARDEMAN,WILLIE EUGENE
1518 EAST LANCASTER
FORT WORTH, TEXAS  76102

**VISTA Electronic Medical Documentation**

Printed at NORTH TEXAS HCS

EXHIBIT A

ORIGINAL

Learner Preference: Printed Material, One-on-One

Extremity Evaluation indicates:
   RUE: delts 2/5, biceps 2/5, triceps 1/5, wrist and hand 0/5; however, no isolated movement - only in synergy pattern, with increased flexor tone.
   LUE: 5/5, AROM WFL
   RLE: HF 4/5, HE 4/5, quads 4/5, hams 3/5, DF 0/5, PF 1/5 in synergy.  Unable to dorsiflex in isolation at all. Movement in synergy patterns.
   LLE: 5/5, AROM WFL
Current Pain Scale: 0/10

FIM (Functional Independence Measure) SCORES: (7=Ind., 6=Modified Ind., 5=Supervision/Set-up, 4=Minimal Assist., 3=Moderate Assist., 2=Max. Assist., 1=Dependent)
 Transfers:
      Mat <-> Wheelchair: FIM 5
    Locomotion:
      W/C: FIM 5
      Walk: FIM 4
      Stairs: FIM 2

Balance
   Sitting: good
   Standing: fair to good

A: Patient presents with ability to come to stand from wheelchair without physical assist other than supervision to contact guard.  Requires assistance to use rolling walker to keep right hand on walker handle, but able to walk 160' without fatigue.  Requires repeated verbal cues for gait pattern and to walk more slowly and focus on specifics of R hip and knee flexion.  Pt. tends to want to walk too fast; RLE has poor coordination and increased spasticity at this time.  He scuffs RLE 95% of the time.
   Pt. able to go up and down 4 6" steps using handrail with left hand, but has scissoring of R foot when descending steps requiring hands-on assist for foot placement.
   Pt. able to propel wheelchair with L foot and hand with supervision - needs more practice.  Has likely been using wall handrails to pull himself in wheelchair to go downstairs to smoke.
   Pt. performed BLE strengthening and RLE coordination activities on mat with better effort once rationale of exercises were explained to him.
   Rehab potential is good.

Functional Short Term Goals (1 week):
Pt. will perform stand-pivot transfers to/from wheelchair/mat at modified independence - FIM 6.
Pt. will walk 160' using assistive device with supervision, scuffing R foot 50% of the time - FIM 5.
Pt. will go up and down 4 steps x 3 using handrail with supervision - FIM 5.

---

**PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)**

HARDEMAN,WILLIE EUGENE
1518 EAST LANCASTER
FORT WORTH, TEXAS  76102

Printed at HOUSTON VAMC

Exhibit

ORIGINAL

Feb 12, 2014

| Activity | Date/Time/Zone | Responsible Person | Entered By |
|---|---|---|---|
| CPRS RELEASED ORDER | 05/18/09 10:11 | CARRERA,GLORIA-AO | CARRERA,GLORIA-AO |
| PRINTED TO RMS1$PRT | 05/18/09 10:11 | | |
| SCHEDULED | 05/21/09 12:38 | CARRERA,GLORIA-AO | DAVIES,JANET K |

PM&RS General 1499G Consult Appt. on 06/17/09 @ 11:30

| | | | |
|---|---|---|---|
| COMPLETE/UPDATE | 06/17/09 12:08 | NEYCHERIL,ALICE N | NEYCHERIL,ALICE N |

Note# 26032520

Note: TIME ZONE is local if not indicated

---

LOCAL TITLE: PM&R OUTPATIENT CONSULT
STANDARD TITLE: PHYSICAL MEDICINE REHAB CONSULT
DATE OF NOTE: JUN 17, 2009@11:31    ENTRY DATE: JUN 17, 2009@11:31:59
    AUTHOR: NEYCHERIL,ALICE NP    EXP COSIGNER:
    URGENCY:                                STATUS: COMPLETED

    *** PM&R OUTPATIENT CONSULT Has ADDENDA ***

PMR OUTPATIENT CLINIC NOTE
REVIEW OF SYSTEMS FOR THIS VISIT:
S Pain:currently - right shoulder 5/10
  elimination - normal
  appetite - good
  Functional review:
        falls: SEVERAL
        walking: USE 4 POINT CANE AND RIGHT FOOT AFO/BRACE
        stairs: NO STEPS
        ADL's; INDEPENDENT

  home equip: 4 point cane, rollator, w/c


 alert,orientated ,answers questions app,


Allergies:
PENICILLIN
CURRENT MEDICATIONS
     Active Outpatient Medications                              Status
----------------------------------------------------------------------
1)   ASPIRIN 325MG TAB TAKE ONE TABLET BY MOUTH DAILY TO     ACTIVE
        PREVENT BLOOD CLOT
2)   BACLOFEN 10MG TAB TAKE ONE-HALF TABLET BY MOUTH THREE   ACTIVE

---

**PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)**

HARDEMAN,WILLIE EUGENE
1518 EAST LANCASTER
FORT WORTH, TEXAS  76102

Printed at HOUSTON VAMC

⅁ copie 4

```
Current Pat. Status:     Outpatient
Primary Eligibility:     AID & ATTENDANCE(VERIFIED)
Patient Type:            NSC VETERAN
OEF/OIF:                 NO


Order Information
To Service:              PROSTHETICS REQUEST - FOOTWEAR
From Service:            ZZpc chukwu 5072s
Requesting Provider:     CHITKARA, PRANAV
Service is to be rendered on an OUTPATIENT basis
Place:                   Consultant's choice
Urgency:                 Routine
Earliest Appr. Date:
Orderable Item:          PROSTHETICS REQUEST - FOOTWEAR
Consult:                 Consult Request
Provisional Diagnosis:   Stroke (436.)
Reason For Request:
   Foot Deformity
      SEVERLY DEFORMED FOOT
         Custom Orthopedic Shoe.


Pt with right foot drop and foot turns-over/sprains with walking. Needs
footwear or brace with ankle support to prevent sprain with walking.


Inter-facility Information
This is not an inter-facility consult request.


Status:                  COMPLETE
Last Action:             COMPLETE/UPDATE
Significant Findings:     Unknown


Facility
 Activity               Date/Time/Zone     Responsible Person   Entered By
----------------------------------------------------------------------------
 CPRS RELEASED ORDER    04/16/09 15:28     CHITKARA, PRANAV     CHITKARA, PRANAV
 PRINTED TO PROS3$PRT   04/16/09 15:28
 ADDED COMMENT          04/23/09 15:40     ROBERTS, LORI-ANNE   ROBERTS, LORI-ANNE
submitted for scheduling.

 SCHEDULED              05/06/09 08:44     CHITKARA, PRANAV     DIEP, DAVID H
PROSTHETICS II 1339 Consult Appt. on 05/13/09 @ 13:30
DD FOR AFO

 STATUS CHANGE          05/13/09 13:22     CHITKARA, PRANAV     DIEP, DAVID H
PROSTHETICS II 1339 Appt. on 05/13/09 @ 13:30 was cancelled by the Patient.
Remarks: rescheduled

 COMPLETE/UPDATE        05/13/09 13:23     DIEP, DAVID H        DIEP, DAVID H
```

**PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)**

```
HARDEMAN, WILLIE EUGENE
1518 EAST LANCASTER
FORT WORTH, TEXAS   76102
```

Printed at HOUSTON VAMC

3 copies 4

EX HIBIT
ORIGINAL    D,

```
Current Pat. Status:     Outpatient
Primary Eligibility:     AID & ATTENDANCE(VERIFIED)
Patient Type:           NSC VETERAN
OEF/OIF:                NO


Order Information
To Service:             PROSTHETICS REQUEST - MEDICAL EQUIPMENT
From Service:           ZZpc chukwu 5072s
Requesting Provider:    CHITKARA, PRANAV
Service is to be rendered on an OUTPATIENT basis
Place:                  Consultant's choice
Urgency:                Routine
Earliest Appr. Date:
Orderable Item:         PROSTHETICS REQUEST - MEDICAL EQUIPMENT
Consult:                Consult Request
Provisional Diagnosis: Stroke (436.)
Reason For Request:
Wheelchairs
  Above 20" - submit consult to the Wheelchair & Specialty Seating Clinic

Inter-facility Information
This is not an inter-facility consult request.

Status:                 COMPLETE
Last Action:            COMPLETE/UPDATE
Significant Findings:   Unknown

Facility
 Activity                Date/Time/Zone        Responsible Person   Entered By
------------------------------------------------------------------------------
 CPRS RELEASED ORDER     04/16/09 15:28        CHITKARA, PRANAV     CHITKARA, PRANAV
 PRINTED TO PROS3$PRT    04/16/09 15:28
 COMPLETE/UPDATE         04/21/09 12:16        MOSHAY, BRETT WAYN   MOSHAY, BRETT WAYN
             (entered) 04/21/09 12:32
PATIENT HAS A WHEELCHAIR



Note: TIME ZONE is local if not indicated

Significant Findings: Unknown
------------------------------------------------------------------------------
No local TIU results or Medicine results available for this consult
==============================================================================
================================= END =========================================
```

**PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)**

HARDEMAN, WILLIE EUGENE
1518 EAST LANCASTER
FORT WORTH, TEXAS  76102

Printed at HOUSTON VAMC

~~ᴆ ᴄᴏᴘ~~ ᵧ

# Consult Requests

Feb 12, 2014

Current Pat. Status:      Outpatient
Primary Eligibility:      AID & ATTENDANCE(VERIFIED)
Patient Type:             NSC VETERAN
OEF/OIF:                  NO


Order Information
To Service:               PM&R W/C & POWERED MOBILITY EVAL
From Service:             ZZpc chukwu 5072s
Requesting Provider:      CHITKARA, PRANAV
Service is to be rendered on an OUTPATIENT basis
Place:                    Consultant's choice
Urgency:                  Routine
Earliest Appr. Date:
Orderable Item:           PM&R W/C & POWERED MOBILITY EVAL
Consult:                  Consult Request
Provisional Diagnosis: Stroke (436.)
Reason For Request:
Custom manual wheelchair evaluation.
   Other: Very tall, special wheelchair to accomodate height


Inter-facility Information
This is not an inter-facility consult request.

Status:                   COMPLETE
Last Action:              COMPLETE/UPDATE


Facility
  Activity                Date/Time/Zone      Responsible Person   Entered By
-------------------------------------------------------------------------------

  CPRS RELEASED ORDER     04/16/09 15:28      CHITKARA, PRANAV     CHITKARA, PRANAV
  PRINTED TO RMS1$PRT     04/16/09 15:28
  RECEIVED                04/17/09 10:33      SANDERS, BILLIE JE   SANDERS, BILLIE JE
  COMPLETE/UPDATE         04/22/09 14:13      WAGNER, CHRISTI LY   WAGNER, CHRISTI LY
      Note# 25420791


Note: TIME ZONE is local if not indicated


-------------------------------------------------------------------------------


  LOCAL TITLE: PROSTHETIC CONSULT
  STANDARD TITLE: ORTHOTICS PROSTHETICS CONSULT
  DATE OF NOTE: APR 22, 2009@14:09     ENTRY DATE: APR 22, 2009@14:09:24
      AUTHOR: WAGNER, CHRISTI LYN   EXP COSIGNER:
      URGENCY:                              STATUS: COMPLETED


Consult received.  Pt. was recently an inpatient on the rehab unit.  This
writer issued current w/c.  Pt's primary method of mobility is walking with
rollaider.  His current w/c with cushion and 1/2 lap tray meets his needs for

PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)

HARDEMAN, WILLIE EUGENE
1518 EAST LANCASTER
FORT WORTH, TEXAS  76102

Printed at HOUSTON VAMC

belief, positive problem solving skill

Given the veteran's presentation at the time of this assessment and considering the above noted risk and protective factors, in my clinical judgment the veteran's current risk potential for suicidal behavior is:

MODERATE RISK. Patient judged to be at increased risk of suicide but not acutely dangerous to self.

   PLAN OF CARE:
     Voluntary Admission offered and:
       Patient admitted.

Plan/Risk Reduction:
   Hospitalize (voluntary or involuntarily)
   Increase treatment intensity (frequency of contact)
   Provide contact information regarding telephone numbers to clinicians, crisis help lines

--------MEDICAL REVIEW OF SYSTEMS-------

Nutritional Assessment:
Denies changes in appetite, significant weight gain or weight loss.

General:
Denies problems

Head, Eyes, Ears, Nose and Mouth/Throat:
Majority of top teeth are missing.

Cardiovascular:
Denies problems

Respiratory:
Denies problems

Skin:
Denies problems

Musculoskeletal:
R hemiparesis, pain in great R toe from tx in podiatry today.

GI:
Denies problems. Self reported hx of Hepatitis C

Neurologic:
CVA 2009. Right sided weakness. continued deficits over the R upper and lower extremities with paralysis of the upper extremity and foot drop of the

---

**PATIENT NAME AND ADDRESS** (Mechanical imprinting, if available)

HARDEMAN,WILLIE EUGENE
1518 EAST LANCASTER
FORT WORTH, TEXAS  76102

**VISTA Electronic Medical Documentation**

Printed at NORTH TEXAS HCS